IN THE SUPREME COURT OF PENNSYLVANIA
MIDDLE DISTRICT

**CASTILLE, C.J., SAYLOR, EAKIN, BAER, TODD, McCAFFERY, STEVENS, JJ.**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : No. 61 MAP 2013 |
| | : |
| Appellee | : Appeal from the Order of the Superior |
| | : Court entered on July 9, 2012 at No. 1872 |
| | : MDA 2011 affirming the judgment of |
| v. | : sentence of the Court of Common Pleas of |
| | : Lancaster County, Criminal Division, dated |
| | : October 14, 2011 at No. CP-36-CR- |
| MATTHEW ALLEN CHESTER, | : 0002180-2010 |
| | : |
| Appellant | : ARGUED: May 6, 2014 |

## OPINION

**MADAME JUSTICE TODD**                    **DECIDED: September 24, 2014**

In this appeal by allowance, we consider whether first-degree burglary constitutes "violent behavior" pursuant to the Recidivism Risk Reduction Incentive Act ("RRRI Act"), 61 Pa.C.S.A. §§ 4501 *et seq*. For the reasons set forth below, we hold that first-degree burglary, which we have consistently viewed as a violent crime in this Commonwealth, is "violent behavior" as contemplated by the RRRI Act. Thus, we affirm the decision of the Superior Court upholding Appellant's judgment of sentence.

By way of background, the RRRI Act "seeks to create a program that ensures appropriate punishment for persons who commit crimes, encourages inmate participation in evidence-based programs that reduce the risks of future crime and ensures the openness and accountability of the criminal justice process while ensuring fairness to crime victims." 61 Pa.C.S.A. § 4502. As part of achieving that aim, the RRRI Act requires the trial court to determine at the time of sentencing whether the

defendant is an "eligible offender." 61 Pa.C.S.A. § 4505(a). If the court finds the defendant to be an eligible offender, or if the prosecuting attorney waives the eligibility requirements under Section 4505(b), the trial court must calculate minimum and maximum sentences, and then impose the RRRI minimum sentence, which "shall be equal to three-fourths of the minimum sentence imposed when the minimum sentence is three years or less," or "shall be equal to five-sixths of the minimum sentence if the minimum sentence is greater than three years." Id. § 4505(c). Furthermore, if an eligible offender "successfully completes the program plan, maintains a good conduct record and continues to remain an eligible offender," he or she may "be paroled on the RRRI minimum sentence date unless the Board determines that parole would present an unreasonable risk to public safety or that other specified conditions have not been satisfied." 37 Pa. Code § 96.1(b).

Importantly, in order to be eligible for an RRRI minimum sentence, the RRRI Act provides that a defendant must satisfy each of the following requirements, the first of which is presently at issue in the case at bar. Specifically, a defendant must establish that he:

> **(1)  Does not demonstrate a history of present or past violent behavior.**
>
> (2)  Has not been subject to a sentence the calculation of which includes an enhancement for the use of a deadly weapon as defined under law or the sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing or the attorney for the Commonwealth has not demonstrated that the defendant has been found guilty of or was convicted of an offense involving a deadly weapon or offense under 18 Pa.C.S. Ch. 61 (relating to firearms and other dangerous articles) or the equivalent offense under the laws of the United States or one of its territories or possessions, another state, the District of Columbia, the Commonwealth of Puerto Rico or a foreign nation.

(3) Has not been found guilty of or previously convicted of or adjudicated delinquent for or an attempt or conspiracy to commit a personal injury crime as defined under section 103 of the act of November 24, 1998 (P. L. 882, No. 111), [18 P.S. § 11.103] known as the Crime Victims Act, except for an offense under 18 Pa.C.S. § 2701 (relating to simple assault) when the offense is a misdemeanor of the third degree, or an equivalent offense under the laws of the United States or one of its territories or possessions, another state, the District of Columbia, the Commonwealth of Puerto Rico or a foreign nation.

(4) Has not been found guilty or previously convicted or adjudicated delinquent for violating any of the following provisions or an equivalent offense under the laws of the United States or one of its territories or possessions, another state, the District of Columbia, the Commonwealth of Puerto Rico or a foreign nation:

18 Pa.C.S. § 4302(a) (relating to incest).

18 Pa.C.S. § 5901 (relating to open lewdness).

18 Pa.C.S. Ch. 76 Subch. C (relating to Internet child pornography).

Received a criminal sentence pursuant to 42 Pa.C.S. § 9712.1 (relating to sentences for certain drug offenses committed with firearms).

Any offense for which registration is required under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).

(5) Is not awaiting trial or sentencing for additional criminal charges, if a conviction or sentence on the additional charges would cause the defendant to become ineligible under this definition.

(6) Has not been found guilty or previously convicted of violating section 13(a)(14), (30) or (37) of the act of April 14, 1972 (P.L. 233, No. 64), . . . known as The Controlled Substance, Drug, Device and Cosmetic Act, where the sentence was imposed pursuant to 18 Pa.C.S. § 7508(a)(1)(iii), (2)(iii), (3)(iii), (4)(iii), (7)(iii) or (8)(iii) (relating to drug trafficking sentencing and penalties).

61 Pa.C.S.A. § 4503 (emphasis added). Notably, the RRRI Act does not define what constitutes a "history of present or past violent behavior."

In the instant case, on March 10, 2011, Appellant entered an open guilty plea in the Lancaster County Court of Common Pleas to three counts each of first-degree burglary,[1] criminal conspiracy to commit burglary, theft by unlawful taking, and receiving

---

[1] At the time Appellant was charged, the burglary statute read, in relevant part, as follows:

> **(a) Offense defined.**--A person is guilty of burglary if he enters a building or occupied structure, or separately secured or occupied portion thereof, with intent to commit a crime therein, unless the premises are at the time open to the public or the actor is licensed or privileged to enter.
>
> *          *          *
>
> **(c) Grading.**--
>
> (1) Except as provided in paragraph (2), burglary is a felony of the first degree.
> (2) If the building, structure or portion entered is not adapted for overnight accommodation and if no individual is present at the time of entry, burglary is a felony of the second degree.

18 Pa.C.S.A. § 3502 (1990). This Section was amended in 2012, and now provides that a defendant commits burglary if, with the intent to commit a crime therein, he:

> (1) enters a building or occupied structure, or separately secured or occupied portion thereof that is adapted for overnight accommodations in which at the time of the offense any person is present;
>
> (2) enters a building or occupied structure, or separately secured or occupied portion thereof that is adapted for overnight accommodations in which at the time of the offense no person is present;
>
> (3) enters a building or occupied structure, or separately secured or occupied portion thereof that is not adapted for

(continued…)

stolen property, after his arrest for a series of burglaries across Lancaster, Chester, and Delaware Counties. While sentencing was pending on those counts, Appellant pleaded guilty and was sentenced in connection with the same burglary spree in the Chester County Court of Common Pleas, where he received an RRRI-reduced sentence[2] of 3 to 6 years incarceration. Thereafter, on June 3, 2011, following a pre-sentence investigation, Appellant was sentenced in the Lancaster County matter to an aggregate sentence of 6 to 15 years incarceration, to be served concurrently with his Chester County sentence.[3] Appellant subsequently filed a timely post-sentence motion to modify his Lancaster County sentence on June 13, 2011, in which he asserted, *inter alia*, that he was entitled to receive an RRRI Act minimum sentence because his first-degree burglary conviction[4] in Chester County did not constitute a "history of present or

---

(…continued)

> overnight accommodations in which at the time of the offense any person is present; or
>
> (4) enters a building or occupied structure, or separately secured or occupied portion thereof that is not adapted for overnight accommodations in which at the time of the offense no person is present.

18 Pa.C.S.A. § 3502(a) (2012). The Crimes Code now grades paragraphs (1) through (3) as felonies of the first degree, and paragraph (4) as a felony of the second degree, id. § 3502(c)(1)-(2); however, "[i]f the actor's intent upon entering the building, structure or portion under [paragraph (4)] is to commit theft of a controlled substance or designer drug," the burglary is graded as a felony of the first degree. Id. § 3502(c)(2)(ii).

[2] It is not clear from the record whether the Chester County trial court herein found that Appellant was eligible for RRRI relief or whether the Commonwealth waived Appellant's RRRI eligibility requirements pursuant to 61 Pa.C.S.A. § 4505.

[3] Appellant was also later prosecuted and sentenced in Delaware County in connection with the same string of burglaries.

[4] As we discuss in more detail infra, Appellant represents that he has a single prior first-degree burglary conviction in Chester County; however, the criminal docket sheet for the Chester County incident reveals that he was convicted of three counts of first-degree burglary. Commonwealth v. Chester, CP-15-CR-0001480-2011 (Docket Sheet).

past violent behavior" disqualifying him from RRRI sentence eligibility under Section 4503(1) of the RRRI Act.

The trial court denied Appellant's motion to modify sentence, relying primarily on the Superior Court's decision in Commonwealth v. Gonzalez, 10 A.3d 1260 (Pa. Super. 2010), wherein the Superior Court considered the issue of whether second-degree burglary constituted "violent behavior" under Section 4503(1), and, ultimately, determined that it did not. In reaching that conclusion, the Superior Court noted that, unlike first-degree burglary, second-degree burglary, which involves illegal entry into an unoccupied structure, does not involve the risk of violence or injury to another, and is treated differently from first-degree burglary in other sentencing related statutes. See 42 Pa.C.S.A. § 9714(g) (listing first-degree burglary, and not second-degree burglary, as a "crime of violence" subjecting recidivist offenders to a mandatory minimum sentence); 61 Pa.C.S.A. § 3903 (listing first-degree burglary, and not second-degree burglary, as a crime disqualifying an inmate from eligibility for "motivational boot camp").[5] Given the General Assembly's disparate treatment of second-degree burglary in those statutes, and concluding the RRRI Act was remedial in nature,[6] the Gonzalez court held that the appellant's prior second-degree burglary conviction should not have been considered a "history of present or past violent behavior" disqualifying him from receiving an RRRI Act sentence. Accordingly, relying upon the Superior Court's discussion in Gonzalez, the trial court in the instant case concluded that Appellant's first-degree burglary conviction necessarily must constitute a "history of present or past

---

[5] The Superior Court additionally noted that 18 P.S. § 11.103, the Crime Victims Act, does not include second-degree burglary as a "personal injury crime." See Gonzalez, 10 A.3d at 1263. However, Section 11.103 also omits first-degree burglary.

[6] Although the Superior Court characterizes the RRRI Act as remedial, we have indicated that it is penal. Commonwealth v. Hansley, 47 A.3d 1180, 1186 (Pa. 2012).

violent behavior" rendering Appellant ineligible for reduced sentencing under the RRRI Act.

On appeal, a three-judge panel of the Superior Court — with two judges concurring in the result — affirmed. Commonwealth v. Chester, 1872 MDA 2011 (Pa. Super. 2012). Specifically, Judge Wecht authored an unpublished memorandum opinion recounting the court's prior analysis in Gonzalez, discussed above, and reasoned that, "[i]n light of the Gonzalez analysis," the court was "persuaded that first-degree burglary constitutes such a history of 'violent behavior.'" Id. at *17. Thus, the court concluded that the trial court did not err in determining that Appellant's Chester County first-degree burglary convictions rendered him ineligible for an RRRI minimum sentence.

Appellant filed a petition for allowance of appeal with this Court, and we granted review to determine "[w]hether a prior conviction of a felony one burglary, which is not included as a disqualifier in the definition of 'eligible offender' may nevertheless amount to a 'history of present or past violent behavior' such as to exclude a defendant from RRRI [Act] eligibility."[7] Commonwealth v. Chester, 74 A.3d 116 (Pa. 2013) (order). As this issue concerns a matter of statutory interpretation and is, thus, a pure question of law, our standard of review is *de novo* and our scope of review is plenary. School Dist. of Philadelphia v. Dep't of Educ., 92 A.3d 746, 751 (Pa. 2014).

Appellant maintains that he should be considered an "eligible offender" under the RRRI Act regardless of his prior first-degree burglary conviction because nothing in the

---

[7] Although the courts below relied extensively upon Gonzalez, which, as discussed above, held that second-degree burglary was not "violent behavior" under Section 4503(1), we note the question before us concerns only whether *first-degree* burglary is violent behavior under that section. Thus, we need not, and do not, address whether second-degree burglary may constitute violent behavior under the RRRI Act.

RRRI Act explicitly renders a defendant ineligible for reduced sentencing based upon a conviction for burglary of any degree. Specifically, Appellant observes that the RRRI Act expressly lists crimes precluding a defendant from receiving a reduced sentence, including: offenses involving deadly weapons in Section 4502(2); personal injury crimes enumerated under Section 103 of the Crime Victims Act[8] in Section 4503(3); certain sexual offenses in Section 4503(4); and specific drug offenses in Section 4503(6). He notes that none of these include the crime of burglary. As burglary is omitted from the other offenses enumerated in the RRRI Act, Appellant asserts that the legislature intended to exclude it as a disqualifying crime; thus, he claims that burglary cannot then qualify as "violent behavior" under Section 4503(1). Appellant further asserts that, although burglary is characterized as a violent crime in Section 9714(g) of the Sentencing Code, 42 Pa.C.S.A. § 9714(g), burglary has traditionally been viewed as a property crime, as evidenced by the Pennsylvania Uniform Crime Report, which lists burglary as a property crime. See Executive Summary Crime in Pennsylvania 2012 Annual Uniform Crime Report, http://ucr.psp.state.pa.us/UCR/Reporting/Annual/pdf2012/2012ExecutiveSummary.pdf (last visited Aug. 20, 2014).

While Appellant notes the courts below relied primarily upon Gonzalez in reaching their decisions, he argues that such reliance was misplaced, as Gonzalez held only that *second-degree* burglary should not be considered as a "history of present or past violent behavior" under Section 4503(1) of the RRRI Act, and did not address whether first-degree burglary falls within Section 4503(1). Rather than relying on Gonzalez, Appellant suggests that we follow the Superior Court's approach in Commonwealth v. Hansley, 994 A.2d 1150 (Pa. Super. 2010) (finding defendant who

---

[8] 18 Pa.C.S.A. § 11.103.

was previously convicted of possession with intent to deliver was an "eligible offender" under the RRRI Act because Section 4503(6) did not specifically list that offense among the other enumerated disqualifying drug offenses); see Commonwealth v. Hansley, 47 A.3d 1180 (Pa. 2012), and Commonwealth v. Main, 6 A.3d 1026 (Pa. Super. 2010) (holding defendant who is sentenced to a mandatory-minimum sentence may still be eligible to receive a reduced minimum sentence under the RRRI Act). He claims that these cases followed the common law maxim "*expressio unius est exclusio alterius*" — the specific inclusion of one matter in a statute implies the exclusion of others — and reasons that only offenses which are specifically named in the RRRI Act may exclude an offender from eligibility.

Alternatively, Appellant contends that, even if we were to find that first-degree burglary constitutes violent behavior under the RRRI Act, he is nevertheless an "eligible offender" because a single prior offense is insufficient by itself to constitute a "history." Appellant claims the dictionary definition of "history" contemplates "a continuous record of past events or trends," which does not support the decisions of the courts below to deny him an RRRI Act minimum sentence for what he claims was a single burglary conviction. Appellant's Brief at 15.

The Allegheny County Public Defenders Office filed an *amicus curiae* brief on behalf of Appellant, asserting that first-degree burglary does not constitute disqualifying violent behavior *per se* under Section 4503(1). Rather, *amicus* contends that, because Section 4503(1) requires "violent behavior" and does not refer to mere threats of violence, only those burglaries during which violence was actually employed exclude an offender from RRRI Act eligibility under Section 4503(1). Accordingly, *amicus* suggests that, in determining whether a defendant's first-degree burglary conviction constitutes

disqualifying violent behavior under the RRRI Act, we should consider the individual facts surrounding the burglary to ascertain whether violence was actually employed.

In response, the Commonwealth argues that offenses other than those specifically enumerated within the RRRI Act may constitute a "history of present or past violent behavior" under Section 4503(1). In support of its interpretation, the Commonwealth notes that construing Section 4503(1) as pertaining only to offenses which are specifically enumerated in Section 4503 would render the "history of present or past violent behavior" subsection superfluous, contrary to established tools of statutory construction. Rather than interpreting the statute in such a fashion, the Commonwealth asserts that "[e]very statute shall be construed, if possible, to give effect to all of its provisions." Commonwealth's Brief at 13 (quoting 1 Pa.C.S.A. § 1921(a)). Applying those principles of statutory interpretation, the Commonwealth suggests that the legislature intended the language of Section 4503(1) to be sufficiently broad so as to include offenses or circumstances not specifically provided for in the other provisions of the RRRI Act; otherwise, the Commonwealth argues, the General Assembly would simply have written an exhaustive list of disqualifying offenses.

According to the Commonwealth, because the legislature intended offenses beyond those specifically enumerated in the RRRI Act to fall within the ambit of Section 4503(1), first-degree burglary, which it claims is a crime of violence, constitutes a "history of present or past violent behavior" under Section 4503(1). In so asserting, the Commonwealth observes that we have consistently viewed first-degree burglary as a violent crime in other contexts — such as the recidivist minimum sentencing provisions in 42 Pa.C.S.A. § 9714(g) and the significant history of violent convictions aggravating circumstance for capital sentencing under 42 Pa.C.S.A. § 9711(d)(9) — based upon the basic principle that a person's non-privileged entry into a structure creates the potential

for dangerous resistance and the "use or threat of violence to the person." Commonwealth's Brief at 17 (quoting Commonwealth v. Small, 980 A.2d 549, 576-77 (Pa. 2009)).  As further support for its position, the Commonwealth notes that the Superior Court expressly recognized in Gonzalez that first-degree burglary, unlike second-degree burglary, is viewed as a crime of violence in Pennsylvania.

Finally, the Commonwealth points out that Appellant had multiple first-degree burglary convictions in Chester County, which it claims qualify as a "history" under Section 4503(1).  In the alternative, the Commonwealth maintains that even a single conviction is sufficient to constitute a "history," as, according to the Commonwealth, "history" means "any history," and is not exclusively a pattern of multiple events. Commonwealth's Brief at 24.  The Commonwealth offers that, if the legislature intended for the word "history" in Section 4503(1) to require multiple events, it would have specifically included a modifier before the word "history," as it did in 42 Pa.C.S.A. § 9711(d)(9), where it required the defendant to have a "*significant* history of felony convictions involving the use or threat of violence to the person."  42 Pa.C.S.A. § 9711(d)(9) (emphasis added).

We begin our analysis by discussing the jurisprudential principles underlying our review.  Because the question before us centers on the interpretation of the term "history of present or past violent behavior" within Section 4503(1) of the RRRI Act, we must turn to the Statutory Construction Act.  1 Pa.C.S.A. §§ 1501 *et seq*.  As provided by that Act, the objective of all interpretation and construction of statutes is to ascertain and effectuate the intention of the legislature.  Id. § 1921(a).  The best indication of the General Assembly's intent is the plain language of the statute.  Bayada Nurses, Inc. v. Com. Dept. Labor and Indus., 8 A.3d 866, 880 (Pa. 2010).  When considering statutory language, "[w]ords and phrases shall be construed according to rules of grammar and

according to their common and approved usage." 1 Pa.C.S.A. § 1903(a). If the words of a statute are clear and unambiguous, we should not look beyond the plain meaning of the statutory language "under the pretext of pursuing its spirit." Id. § 1921(b). Accordingly, only when the words of a statute are ambiguous should a reviewing court seek to ascertain the intent of the General Assembly through consideration of the various factors found in Section 1921(c). Id. § 1921(c); Bayada Nurses, 8 A.3d at 881.

With these principles in mind, we begin by examining the term "violent behavior" under Section 4503(1). As noted above, Appellant maintains, pursuant to the maxim of *expressio unius est exclusio alterius*, that, by enumerating specific offenses and incorporating other offenses in Section 4503(2)-(6), the legislature has expressed its intention to deem an offender ineligible under the RRRI Act only when he has been convicted of a crime which is included among the enumerated or incorporated offenses in the RRRI Act. The Commonwealth, on the other hand, views the "violent behavior" language of Section 4503(1) as encompassing violent offenses or behaviors not specifically provided for elsewhere in the RRRI Act.

Preliminarily, and contrary to Appellant's contentions, we note that *expressio unius* is inapplicable in this case because Section 4503(1) does not contain a list of specific crimes excluding an offender from eligibility; rather, it employs broad, general language encompassing all "violent behavior" *in addition to* the enumerated crimes contained in Section 4503(2)-(6). See Meyer v. Cmty. Coll. of Beaver Cnty., 93 A.3d 806, 814 n.6 (Pa. 2014) (noting *expressio unius* "has no application where . . . the legislature did not merely identify a list of covered subjects, but rather employed 'catchall' language designed to include similarly situated entities within the statutory scope"). We find that Section 4503's structure — namely, including specific classes of offenses in Section 4503(2)-(6) while also including general language in Section

4503(1) concerning behavior — reflects an express choice by the legislature not to write an exclusive list of disqualifying offenses, but, instead, to include Section 4503(1) as a broad, "catchall" provision designed to encompass an array of behavior not explicitly provided for in Section 4503's other provisions.

Furthermore, although Appellant correctly observes that the RRRI Act specifies numerous crimes within Section 4503(2)-(6) that render an offender ineligible to receive a reduced minimum sentence — including offenses involving a deadly weapon, certain personal injury crimes, certain sexual offenses, and certain drug offenses — Appellant's interpretation of Section 4503 as excluding offenses, such as burglary, which are not expressly listed among those crimes would render Section 4503(1) to a degree superfluous, as no crime could ever fall into this category if that crime was not listed in Section 4503(2)-(6). It is well settled, however, that the legislature "is presumed not to intend any statutory language to exist as mere surplusage." Commonwealth v. Ostrosky, 909 A.2d 1224, 1232 (Pa. 2006). Accordingly, to give effect to all of all of Section 4503's provisions, as we must pursuant to 1 Pa.C.S.A. § 1921(a), we conclude that, notwithstanding the offenses enumerated in Section 4503(2)-(6), Section 4503(1) covers violent behaviors not otherwise identified in the RRRI Act's definition of "eligible offender."

Next, we must determine whether first-degree burglary constitutes "violent behavior" as contemplated by Section 4503(1). Appellant suggests that all burglaries are property crimes, rather than crimes of violence, and notes that, although an individual was present during his burglary in Chester County, he did not engage in violent behavior toward that individual, which he claims further supports his position that his conviction did not constitute "violent behavior" under Section 4503(1). We are unpersuaded by Appellant's argument.

First, although burglary involves the unlawful entry of another person's property, and although burglary is characterized as a property crime for purposes of the Pennsylvania Uniform Crime Report, it is well established within our case law that "[b]urglary is a crime of violence as a matter of law," signifying that first-degree burglary necessarily constitutes violent behavior in all contexts, including under Section 4503(1). See Commonwealth v. Spotz, 47 A.3d 63, 104 (Pa. 2012) (finding appellant's prior burglary convictions were properly admitted as evidence of a significant history of violent felony convictions pursuant to 42 Pa.C.S.A. § 9711(d)(9)).  Indeed, as we noted in Commonwealth v. Rolan, 549 A.2d 553 (Pa. 1988), burglary has been treated as a crime of violence dating back to the common law of England, which defined burglary as a forcible invasion into the home with the intent to commit a felony therein, and punished burglars with death "[b]ecause of the great public policy involved in shielding the citizenry from being attacked in their homes and in preserving domestic tranquility." Id. at 558 (citing Blackstone Commentaries on the Law, Book IV, pp. 223-28).  Based upon those same motivations, and wishing to "protect people from the threat of violence in other situations," our legislature expanded the common law scope of burglary when it drafted the Crimes Code, including within its definition various types of buildings and structures in addition to the home, and extending the definition to encompass both daytime and nighttime intrusions.  Rolan, 549 A.2d at 558.

We continue to view burglary as a crime of violence today based upon the well settled notion that "non-privileged entry . . . poses a threat of violence to persons." Small, 980 A.2d at 576; see also Rolan, 549 A.2d at 559 ("[T]he crime of burglary has always been and continues to be viewed as a crime involving the use or threat of violence to the person"); Commonwealth v. Rios, 920 A.2d 790, 814 (Pa. 2007) ("[B]urglary is always classified as a violent crime in Pennsylvania."); Commonwealth v.

Pruitt, 951 A.2d 307, 321 (Pa. 2008) (citing cases noting that burglary is a crime of violence in Pennsylvania).  While we have recognized that all burglaries are crimes of violence for purposes of the significant history of violent felony convictions aggravating circumstance for capital sentencing, see 42 Pa.C.S.A. § 9711(d)(9), as the Superior Court implied in Gonzalez, the case is even stronger for specifically construing the commission of the crime of first-degree burglary as violent behavior under Section 4503(1), given that, unlike second-degree burglary, first-degree burglary is listed as a crime of violence under the recidivist minimum sentencing provision in 42 Pa.C.S.A. § 9714(g), and the crime specifically renders an offender ineligible for motivational boot camp pursuant to 61 Pa.C.S.A. § 3903.

Moreover, the Crimes Code treats first-degree burglary distinctly from second-degree burglary, as first-degree burglary contemplates the potential for confrontation, whereas second-degree burglary does not.  At the time Appellant was charged, the burglary statute distinguished first-degree burglary from second-degree burglary based upon whether the building or structure entered was adapted for overnight accommodation and whether an individual was present at the time of entry.  See supra note 1.  Only if neither of these conditions were true — i.e., that there was no risk of confrontation — was the entry a second-degree burglary.[9]  Thus, in light of Pennsylvania's long-standing view of burglary as a violent crime, as well as the fact that first-degree burglary is treated distinctly, and more severely, under Pennsylvania law,

---

[9] While the current burglary statute differs structurally from the prior version under which Appellant was charged, the current statute follows the same scheme of distinguishing between first-and second-degree burglary based upon the potential for confrontation posed by overnight accommodation of the structure entered and/or the presence of another individual at the time of entry.  See supra note 1.

we have no hesitancy in concluding a conviction for first-degree burglary constitutes "violent behavior" under Section 4503(1).[10]

Furthermore, while Appellant contends his first-degree burglary conviction was not "violent behavior" because he did not employ violence during the burglary, it is an offender's non-privileged entry, which "invit[es] dangerous resistance" and, thus, the possibility of the use of deadly force against either the offender or the victim, that renders burglary a violent crime, not the behavior that is actually exhibited during the burglary. Rolan, 549 A.2d at 559. Thus, the fact that Appellant did not actually engage in any violent acts while committing first-degree burglary does not render that crime "non-violent." Similarly, we decline to accept the invitation of *amicus* to depart from our well established case law — finding burglaries to be violent by their very nature — to instead engage in a case-by-case evaluation into whether a particular burglary conviction constitutes "violent behavior" under Section 4503(1). Thus, we believe a conviction for first-degree burglary, a crime of violence, constitutes violent behavior for purposes of Section 4503(1).

Having concluded that a conviction for first-degree burglary constitutes "violent behavior" under Section 4503(1), we address Appellant's final contention that he has not engaged in a "history" of violent behavior. While Appellant maintains that he had only one prior first-degree burglary conviction in Chester County and, thus, that he did not engage in a "history" of violent behavior under Section 4503(1), as the Commonwealth notes, and as our independent review of the Chester County criminal

---

[10] Of course, although we generally treat burglary as a violent crime, as Chief Justice Castille noted in his Concurring Opinion in Small, supra, the General Assembly is within its power "to define [burglary] differently for other purposes" in other statutes. Small, 980 A.2d at 580 (Castille, C.J., concurring). However, there is no indication that the legislature intended to treat burglary distinctly under the RRRI Act.

docket sheet confirms, Appellant was convicted of three counts of first-degree burglary in connection with the Chester County incident. Thus, regardless of whether a single conviction constitutes a "history" under Section 4503(1), we find that Appellant's *multiple* first-degree burglary convictions are more than sufficient to form a "history" of "violent behavior" under Section 4503(1).

Accordingly, in light of the foregoing, we hold that Appellant's prior first-degree burglary convictions rendered him ineligible to receive an RRRI-reduced minimum sentence. Thus, we affirm the order of the Superior Court.

Jurisdiction relinquished.

Mr. Chief Justice Castille and Messrs. Justice Saylor, Eakin, Baer, McCaffery and Stevens join the opinion.