J-S10038-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ANDREW DODD | |
| Appellant | No. 1991 EDA 2014 |

Appeal from the Judgment of Sentence May 29, 2014
In the Court of Common Pleas of Pike County
Criminal Division at No(s): CP-52-CR-0000134-2014
CP-52-CR-0000136-2014

BEFORE:  GANTMAN, P.J., STABILE, J., and PLATT, J.*

MEMORANDUM BY GANTMAN, P.J.:                    **FILED MARCH 04, 2015**

Appellant, Andrew Dodd, appeals from the judgment of sentence entered in the Pike County Court of Common Pleas, following his negotiated guilty plea to two counts of first-degree felony burglary and one count of first-degree felony conspiracy to commit burglary.[1]  We affirm.

The relevant facts and procedural history of this case are as follows. The Commonwealth charged Appellant with burglary, conspiracy to commit burglary, criminal trespass, theft by unlawful taking or disposition, theft by deception, receiving stolen property, and criminal mischief, in connection with Appellant's unauthorized entrance into two residences on February 2,

_____

[1] 18 Pa.C.S.A. §§ 3502(a)(2) and 903 (§ 3502 related), respectively.

_____

*Retired Senior Judge assigned to the Superior Court.

2014. On May 29, 2014, Appellant entered a negotiated guilty plea to two counts of burglary of a home—no one present, and one count of conspiracy to commit burglary of a home—no one present.[2] That same day, with the benefit of a presentence investigation ("PSI") report, the court sentenced Appellant to consecutive terms of two (2) to four (4) years' imprisonment for each burglary conviction, and a concurrent term of one (1) to two (2) years' imprisonment for the conspiracy conviction, for an aggregate sentence of four (4) to eight (8) years' imprisonment.

On June 9, 2014, Appellant timely filed a post-sentence motion, which the court denied on June 10, 2014. Appellant timely filed a notice of appeal on July 9, 2014. The next day, the court ordered Appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Appellant timely complied on July 30, 2014.

Appellant raises one issue for our review:

> DID THE [TRIAL] COURT ABUSE ITS DISCRETION AND COMMIT AN ERROR OF LAW WHEN IT DENIED [APPELLANT'S] REQUEST FOR ACCEPTANCE INTO THE RECIDIVISM RISK REDUCTION INCENTIVE ("RRRI") PROGRAM?

(Appellant's Brief at 4).

Appellant argues he was entitled to acceptance into the RRRI program because he was not convicted of any enumerated disqualifying offenses and

---

[2] Admission into the Recidivism Risk Reduction Incentive ("RRRI") program was not a term of Appellant's negotiated plea.

he did not demonstrate a history of present or past violent behavior. Appellant contends his convictions do not constitute crimes showing "present violent behavior," because the convictions were classified as burglary of a home—no one present and are merely offenses against the "property rights" of the owner. Appellant insists burglary of a home, where no one is present, cannot constitute a crime of violence because there is no threat of violence or harm to any person. Appellant concludes the court improperly deemed him ineligible for the RRRI program, and this Court must vacate and remand for resentencing. We disagree.

The RRRI statute provides, in pertinent part, as follows:

**§ 4505. Sentencing**

**(a) Generally.**—At the time of sentencing, the court shall make a determination whether the defendant is an eligible offender.

* * *

**(c) Recidivism risk reduction incentive minimum sentence.**—If the court determines that the defendant is an eligible offender or the prosecuting attorney has waived the eligibility requirements under subsection (b), the court shall enter a sentencing order that does all of the following:

(1) Imposes the minimum and maximum sentences as required under 42 Pa.C.S. § 9752 (relating to sentencing proceeding generally).

(2) Imposes the recidivism risk reduction incentive minimum sentence. The recidivism risk reduction incentive minimum shall be equal to three-fourths of the minimum sentence imposed when the minimum sentence is three years or less. The

- 3 -

recidivism risk reduction incentive minimum shall be equal to five-sixths of the minimum sentence if the minimum sentence is greater than three years. …

\* \* \*

61 Pa.C.S.A. § 4505. The RRRI statute defines an eligible offender as an offender who, *inter alia*, "[d]oes not demonstrate a history of present or past violent behavior." 61 Pa.C.S.A. § 4503.[3] The statute does not define what constitutes a "history of present or past violent behavior." **See id.** Nevertheless, "an unprivileged entry into a building or structure where people are likely to be found is a clear threat to their safety and every burglar knows when he attempts to commit his crime that he is inviting dangerous resistance." **Commonwealth v. Pruitt**, 597 Pa. 307, 321, 951 A.2d 307, 331 (2008), *cert. denied*, 556 U.S. 1131, 129 S.Ct. 1614, 173 L.Ed.2d 1001 (2009) (internal citations and quotation marks omitted).

Recently, our Supreme Court expressly held that first-degree burglary constitutes "violent behavior" for purposes of the RRRI statute. **Commonwealth v. Chester**, ___ Pa. ___, 101 A.3d 56 (2014). In reaching its decision, the Court explained:

> [A]lthough burglary involves the unlawful entry of another person's property, and although burglary is characterized as a property crime for purposes of the Pennsylvania Uniform Crime Report, it is well established within our case

---

[3] The statute also enumerates disqualifying offenses, including offenses involving deadly weapons, personal injury crimes as defined in the Crime Victims Act, certain sexual offenses, and specific drug offenses. **See id.**

law that burglary is a crime of violence as a matter of law, signifying that first-degree burglary necessarily constitutes violent behavior in all contexts, including under Section 4503(1) [of the RRRI statute]. Indeed, …burglary has been treated as a crime of violence dating back to the common law of England, which defined burglary as a forcible invasion into the home with the intent to commit a felony therein, and punished burglars with death because of the great public policy involved in shielding the citizenry from being attacked in their homes and in preserving domestic tranquility. Based upon those same motivations, and wishing to protect people from the threat of violence in other situations, our legislature expanded the common law scope of burglary when it drafted the Crimes Code, including within its definition various types of buildings and structures in addition to the home, and extending the definition to encompass both daytime and nighttime intrusions.

We continue to view burglary as a crime of violence today based upon the well settled notion that non-privileged entry…poses a threat of violence to persons. …

Moreover, the Crimes Code treats first-degree burglary distinctly from second-degree burglary, as **first-degree burglary contemplates the potential for confrontation**, whereas second-degree burglary does not. At the time [a]ppellant was charged, the burglary statute distinguished first-degree burglary from second-degree burglary based upon whether the building or structure entered was adapted for overnight accommodation and whether an individual was present at the time of entry. Only if neither of these conditions [was] true—*i.e.*, that there was no risk of confrontation—was the entry a second-degree burglary. Thus, in light of Pennsylvania's long-standing view of burglary as a violent crime, as well as the fact that first-degree burglary is treated distinctly, and more severely, under Pennsylvania law, we have no hesitancy in concluding a conviction for first-degree burglary constitutes "violent behavior" under Section 4503(1).

Furthermore, while [a]ppellant contends his first-degree burglary conviction was not "violent behavior" because he

did not employ violence during the burglary, **it is an offender's non-privileged entry, which invites dangerous resistance and, thus, the possibility of the use of deadly force against either the offender or the victim, that renders burglary a violent crime, not the behavior that is actually exhibited during the burglary**.  Thus, the fact that [a]ppellant did not actually engage in any violent acts while committing first-degree burglary does not render that crime "non-violent."  Similarly, we decline to accept the invitation…to depart from our well established case law—finding burglaries to be violent by their very nature—to instead engage in a case-by-case evaluation into whether a particular burglary conviction constitutes "violent behavior" under Section 4503(1).  Thus, …a conviction for first-degree burglary, a crime of violence, constitutes violent behavior for purposes of Section 4503(1).

*Id.* at ___, 101 A.3d at 64-65 (internal citations, quotation marks, and footnotes omitted) (emphasis added).

The relevant version of the burglary statute at the time of Appellant's offenses provided:

**§ 3502.  Burglary**

**(a)  Offense defined.**—A person commits the offense of burglary if, with the intent to commit a crime therein, the person:

(1)  enters a building or occupied structure, or separately secured or occupied portion thereof that is adapted for overnight accommodations in which at the time of the offense any person is present;

(2)  enters a building or occupied structure, or separately secured or occupied portion thereof that is adapted for overnight accommodations in which at the time of the offense no person is present;

(3)  enters a building or occupied structure, or separately secured or occupied portion thereof that is

- 6 -

not adapted for overnight accommodations in which at the time of the offense any person is present; or

(4)    enters a building or occupied structure, or separately secured or occupied portion thereof that is not adapted for overnight accommodations in which at the time of the offense no person is present;

\*     \*     \*

**(c)   Grading.**—

(1)    Except as provided in paragraph (2), burglary is a felony of the first degree.

(2)    An offense under subsection (a)(4) is a felony of the second degree.

\*     \*     \*

18 Pa.C.S.A. § 3502(a), (c).[4]

Instantly, the trial court explained:

Appellant alleges this [c]ourt erred in determining Appellant is not eligible for a RRRI sentence based upon his F1 Burglary conviction[s]. However, this [c]ourt respectfully disagrees. This [c]ourt considered numerous factors in sentencing Appellant and determined that Appellant was not eligible for a RRRI sentence. One of the factors this [c]ourt considered was Appellant's Pre-Sentence Investigation ("PSI") [report]. The PSI revealed

---

[4] The legislature amended the burglary statute on December 23, 2013 (effective February 21, 2014). Consistent with the version in effect at the time of Appellant's offenses, the current burglary statute classifies all burglaries as first-degree felonies, with the exception of those burglaries where the defendant enters a building or occupied structure not adapted for overnight accommodations, and no person is present, which are second-degree felonies (unless the actor's intent is to commit theft of a controlled substance, in which case, the burglary is a first-degree felony). **See** 18 Pa.C.S.A. § 3502(a)(4), (c) (as amended).

that Appellant has a serious criminal history which included three previous Burglary offenses and one of the Burglary offenses was a F1 Burglary. Additionally, the Burglary offenses Appellant pled guilty to in this matter were also graded as F1 Burglaries. Although such crimes are not considered personal injury crimes, convictions of multiple F1 Burglaries demonstrate that Appellant has a history of violent behavior as well as presently continues to exhibit that behavior. Therefore, because of Appellant's history of present and past violent behavior he was not eligible for a RRRI sentence and we continue to stand by our decision.

Finally, Appellant alleges this [c]ourt's holding that Appellant is ineligible for the RRRI sentence is contrary to the holding in **Commonwealth v. Gonzalez**, 10 A.3d 1260 (Pa.Super. 2010)[, *appeal denied*, 610 Pa. 616, 21 A.3d 1190 (2011)]. This [c]ourt respectfully disagrees. The Superior Court's holding was specifically related to a F2 Burglary which by definition does not involve the risk of violence, or injury to another person. [**Id.** at 1262.] Here, Appellant pled guilty to two Counts of F1 Burglary. Although no one was present there still existed a risk of injury or violence to another person had someone been home. Therefore, this [c]ourt's holding was not contrary to **Gonzalez** and we continue to stand by our decision.

(Trial Court Opinion, filed August 26, 2014, at 3-4).[5] We accept the court's

analysis.[6] **See Chester, supra**; **Pruitt, supra**.

Our Supreme Court's decision in **Chester** controls. Appellant's

unprivileged entry into a home, where people are likely to be found,

---

[5] The trial court did not have the benefit of our Supreme Court's decision in **Chester** when it issued its Rule 1925(a) opinion.

[6] The certified record does not contain Appellant's PSI report, so we are unable to verify the details of his criminal history. Nevertheless, the record confirms that Appellant has a prior record. Additionally, Appellant does not contest on appeal the trial court's statements regarding his PSI report.

constituted a threat to the safety of others. *See Chester, supra*; *Pruitt, supra*. Appellant attempts to distinguish *Chester* by emphasizing that the defendant in *Chester* committed a burglary of a home where someone was present; importantly, the Supreme Court's analysis focused on the defendant's intrusion into a home, which by its nature, **contemplates the potential for confrontation**, regardless of whether someone is present. *See id.* Likewise, the burglary statute classifies an intrusion into a home as a first-degree felony, regardless of whether a person is present.[7] *See* 18 Pa.C.S.A. § 3502(a)(1), (a)(2), (c). Because the circumstances of Appellant's case evidenced prohibited violent behavior for RRRI purposes, the court properly deemed Appellant ineligible for RRRI sentencing. *See* 61 Pa.C.S.A. §§ 4503, 4505. Accordingly, we affirm.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/4/2015

---

[7] Appellant's other attempts to distinguish his case from *Chester* are equally unavailing.