J-S65001-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL SHAWN KLINGENSMITH | |
| Appellant | No. 1120 WDA 2013 |

Appeal from the Order January 31, 2013
In the Court of Common Pleas of Westmoreland County
Criminal Division at No(s): CP-65-CR-0001854-2007

BEFORE:  LAZARUS, J., OLSON, J., and PLATT, J.[*]

JUDGMENT ORDER BY LAZARUS, J.:          **FILED SEPTEMBER 01, 2016**

Michael Shawn Klingensmith appeals *pro se* from his January 31, 2013 "praecipe for entry of final order/denial by operation of law."  After careful review, we quash the appeal.

On February 6, 2008, Klingensmith entered an open guilty plea to twenty-three counts of burglary[1] of a private residence (F-1) and one count of criminal attempt.[2]  The crimes occurred in Westmoreland, Armstrong, Butler and Allegheny Counties.  On April 24, 2008, the trial court sentenced Klingensmith to 10 to 20 years' incarceration on count 1, and a concurrent

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S.  § 3502(a).

[2] 18 Pa.C.S. § 910(a).

sentence of 10 to 20 years' incarceration on the remaining counts.[3]  On July 28, 2008, Klingensmith filed a timely *pro se* PCRA petition.  On March 31, 2009, the court appointed PCRA counsel; counsel filed an amended petition.  After a hearing, the trial court denied Klingensmith's PCRA petition on October 22, 2009.  Klingensmith filed a timely collateral appeal; our Court affirmed the denial of his petition.  ***See Commonwealth v. Klingensmith***, 456 WDA 2010 (Pa. Super. filed Nov. 30, 2011).

On July 6, 2012, Klingensmith filed a *pro se* motion claiming that he was retroactively eligible under the Recidivism Risk Reduction Incentive (RRRI)[4] statute.  Klingensmith continued to file various *pro se* motions to compel and correct his sentence, none of which was ruled upon by the trial court.[5]  On July 8, 2013, Klingensmith filed a notice of appeal from a *pro se*

---

[3] Pursuant to the plea agreement, the Commonwealth nolle prossed counts 25-87 of the criminal complaint.

[4] The RRRI Act "seeks to create a program that ensures appropriate punishment for persons who commit crimes, encourages inmate participation in evidence-based programs that reduce the risks of future crime and ensures the openness and accountability of the criminal justice process while ensuring fairness to crime victims."  61 Pa.C.S.A. § 4502.

[5] Presumably, the trial court did not rule upon any of Klingensmith's *pro se* motions because, generally, post-sentence motions must be filed within 10 days after imposition of sentence and a trial court ordinarily has no jurisdiction to entertain a post-sentence motion filed more than 30 days after the imposition of sentence.  ***See*** Pa.R.Crim.P. 720.

praecipe (entitled "praecipe for entry of final order denial by operation of law") he had filed on January 31, 2013.[6]

On appeal, Klingensmith presents the following issue for our consideration: "Did the lower court commit an err[or] of law by failing to resentence Appellant to R.R.R.I. sentence after the Pennsylvania Legislature downgrade[d] the offense of Burglary 18 Pa.C.S.A. § 3502 [to] a F-2 felony?"

Klingensmith's notice of appeal is filed from his January 31, 2013 *pro se* praecipe (entitled "praecipe for entry of final order denial by operation of law).  This is clearly not an appealable, final order or one certified by the trial court as such.  **See** Pa.R.A.P. 301, 311, 341.  Thus, we quash.

Appeal quashed.[7]

_____

[6] We note that this appeal has been lingering in our Court due to the fact that the trial court failed to timely comply with this Court's directive to complete, certify, and transmit the certified record which was due in this Court in September 2013.

[7] We note that even if we were able to reach the merits of Klingensmith's issue on appeal, he would not be entitled to relief.  In **Commonwealth v. Chester**, 101 A.3d 56 (Pa. 2014), our Supreme Court held that first-degree burglary constitutes "violent behavior" under the RRRI Act, and, thus, makes a defendant convicted under section 3502(a) an ineligible offender.  **See** 61 Pa.C.S. § 4503 (defining eligible offender under RRRI statute as defendant who "[d]oes not demonstrate a history of present or past violent behavior.").  Moreover, the 2012 amendments to the RRRI statute do not downgrade Klingensmith's section 3502(a) convictions from a first-degree to second-degree felony.  **See** 2011 Pa. SB 100 (making burglary under 3502(a)(4), entering building *not adapted for overnight accommodations with no one present*, second-degree felony); 18 Pa.C.S. § 3502(c)(2).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/1/2016