J-S07021-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| CHRISTOPHER WESLEY SANGER | : | |
| | : | |
| Appellant | : | No. 1099 MDA 2018 |

Appeal from the Judgment of Sentence Entered June 1, 2018
In the Court of Common Pleas of Bradford County Criminal Division at
No(s):  CP-08-CR-0000005-2016

BEFORE:   OLSON, J., McLAUGHLIN, J., and PELLEGRINI*, J.

MEMORANDUM BY McLAUGHLIN, J.:        **FILED: MAY 22, 2019**

Christopher Wesley Sanger appeals from the judgment of sentence entered following his pleas of guilty to Fleeing or Attempting to Elude a Police Officer, Flight to Avoid Apprehension, Trial or Punishment, and two counts of Recklessly Endangering Another Person ("REAP").[1] Sanger argues the court erred in finding he was not eligible for enrollment in the Recidivism Risk Reduction Incentive ("RRRI") Program, 61 Pa.C.S.A. §§ 4501-4512. We affirm.

The facts that gave rise to the instant charges are as follows. In December 2015, Sanger was allegedly in violation of parole and an arrest warrant was issued. *See* Affidavit of Probable Cause, 12/15/15, at 1-2; Bill of

---

*   Retired Senior Judge assigned to the Superior Court.

[1] *See* 75 Pa.C.S.A. § 3733(a); 18 Pa.C.S.A. §§ 5126(a), 2705.

Particulars, 1/27/16 (incorporating Affidavit of Probable Cause). Bradford County Deputy Sheriff Brian Wibirt received information that Sanger was driving a gray sedan in a particular area, and he located the car in the parking lot of a Burger King. He began to speak with Sanger, who was sitting in the driver's seat, and ordered him to exit the car. Rather than comply, Sanger drove away. Deputy Wibirt and Deputy Daniel Bush pursued Sanger until his speed reached approximately 100 miles per hour. Sanger was ultimately arrested and charged with the above offenses, to which he later pled guilty.

On September 28, 2016, the court sentenced Sanger to 24 months in a State Intermediate Punishment ("SIP") program.[2] The court noted that Sanger had previously pled guilty to first-degree felony burglary. The sentencing order stated, "Further, it is noted that the defendant's previous burglary conviction was charged as no person being present." Order, 9/28/16.

Sanger was expelled from the SIP program and the court revoked the SIP sentence and resentenced Sanger to an aggregate of 40 to 144 months' in prison. The sentencing order specified that Sanger was not eligible for an RRRI sentence. In its Rule 1925(a) opinion, the trial court explained that it found Sanger ineligible for an RRRI sentence because he had a history of violent behavior, as established by his previous conviction for first-degree burglary and his instant convictions for Fleeing or Attempting to Elude a Police Officer and REAP. **See** Trial Court Opinion, filed 10/17/18, at 2 (unpaginated).

---

[2] **See** 42 Pa.C.S.A. §§ 4101-4108.

Sanger filed this appeal. He presents the question of "[w]hether [he] should have received a recommendation for [an RRRI] sentence." Sanger's Br. at 3. He argues that because his original sentencing order states that his "previous burglary conviction was charged as no person being present," he does not have a history of violent behavior and is eligible for an RRRI sentence. *Id.* at 7-9.

A court imposing a sentence of total confinement must determine whether the defendant is an "eligible offender" under the RRRI statute. 42 Pa.C.S.A. § 9756(b.1); 61 Pa.C.S.A. § 4505.[3] "A challenge to a court's failure to impose an RRRI sentence implicates the legality of the sentence." *Commonwealth v. Finnecy*, 135 A.3d 1028, 1033 (Pa.Super. 2016). Whether a defendant is eligible under the RRRI statute is a question of law, over which we have plenary and *de novo* review. *Id.*

One of the requirements for RRRI eligibility is that the defendant "not demonstrate a history of present or past violent behavior." 61 Pa.C.S.A. § 4503. Our Supreme Court determined in 2014 that a conviction for first-degree burglary demonstrates "violent behavior" for RRRI eligibility purposes. *See Commonwealth v. Chester*, 101 A.3d 56, 65 (Pa. 2014). The Court has also concluded that a single burglary conviction does not amount to a "history" of violent behavior. *See Commonwealth v. Cullen-Doyle*, 164 A.3d 1239,

---

[3] Only if the defendant has previously been sentenced to two or more RRRI sentences does the court have discretion not to impose another RRRI sentence. 42 Pa.C.S.A. § 9756(b.1); 61 Pa.C.S.A. § 4505(c)(3).

1242-44 (Pa. 2017). However, the Court noted that the burglary statute, including the grading provision, was amended in 2012 to differentiate between instances where the building entered was actually occupied at the time of entry and whether it was "adapted" for overnight accommodation. **Chester**, 101 A.3d at 58 n.1.

Based on these decisions, Sanger argues that his previous burglary conviction did not qualify as "violent behavior" because no persons were present at the time of the burglary. However, we need not delve into this question because Sanger pled guilty to REAP, which is sufficient on its own to disqualify him from the RRRI.

In addition to excluding those offenders who demonstrate a history of present or past violent behavior, the RRRI statue excludes those offenders who have been found guilty of a "personal injury crime" as defined under the Crime Victims Act, codified at 18 P.S. § 11.103. **See** 61 Pa.C.S.A. § 4503. That Act's definition of "personal injury crime" includes "[a]n act, attempt, or threat to commit an act which would constitute a misdemeanor or felony under . . . 18 Pa.C.S.[A.] Ch[apter] 27[.]" 18 P.S. § 11.103.[4] The statute defining REAP, 18 Pa.C.S.A. § 2705, falls within Chapter 27, and classifies REAP as a second-degree misdemeanor. REAP is therefore a "personal injury crime" under the definition established by the Crime Victims Act, and a defendant

---

[4] The RRRI statute specifically excludes a conviction for simple assault under 18 Pa.C.S.A. § 2701, as a third-degree misdemeanor, as grounds for RRRI ineligibility. 61 Pa.C.S.A. § 4503.

who pleads guilty to REAP is not an RRRI eligible offender. *See Commonwealth v. Garzone, L.*, 993 A.2d 1245, 1254 n.7 (Pa.Super. 2010) (stating defendant who pled guilty to REAP was not eligible for RRRI); *Commonwealth v. Garzone, G.*, 993 A.2d 306, 316 n.7 (Pa.Super. 2010) (same).

As Sanger pled guilty to REAP, he was ineligible for an RRRI sentence, and his issue merits no relief.[5]

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/22/2019

---

[5] "This Court is not bound by rationale of a trial court and may affirm the trial court's order on any basis." *Commonwealth v. Wilcox*, 174 A.3d 670, 674 n.4 (Pa.Super. 2017).