**[J-114-2020] [MO: Mundy, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**WESTERN DISTRICT**

COMMONWEALTH OF PENNSYLVANIA, : No. 2 WAP 2020
:
Appellee : Appeal from the Order of the
: Superior Court entered April 17,
: 2019 at No. 998 WDA 2018,
v. : affirming the Order of the Court of
: Common Pleas  of Venango County
: entered June 19, 2018 at Nos. CP-
JAMES PAUL FINNECY, : 61-CR-0000498-2013 and CP-61-
: CR-0000688-2009.
Appellant :
: SUBMITTED:  November 17, 2020


**DISSENTING OPINION**


JUSTICE WECHT                                  DECIDED:  APRIL 29, 2021

The issue presently before the Court is whether a single conviction for a *past* non-enumerated violent crime demonstrates a "history of present or past violent behavior," rendering a defendant ineligible for a reduced sentence under the Recidivism Risk Reduction Incentive Act ("Act").[1]  *See* 61 Pa.C.S. § 4503(1) (defining "eligible person" as one who "[d]oes not demonstrate a history of present or past violent behavior").  The Court recently examined this statutory language in *Commonwealth v. Cullen-Doyle*, 164 A.3d 1239 (Pa. 2017), and concluded that a single conviction for a *present* non-enumerated violent crime did not demonstrate a "history of present or past violent behavior."  While today's learned Majority acknowledges that "the present circumstances are slightly different than those in *Cullen-Doyle*," it still finds *Cullen-Doyle*'s reasoning "determinative."  Maj. Op. at 16.  Thus, the Majority holds that Finnecy's criminal history,

---

[1]     61 Pa.C.S. §§ 4501-12.

"which reflects several previous convictions, only one of which demonstrates violent behavior, does not render him ineligible for a sentence" under the Act. *Id.* at 16-17. Because I believe that *Cullen-Doyle* was wrongly decided, and because today's decision exacerbates that error, I respectfully dissent.

In *Cullen-Doyle*, after pleading guilty to several counts of conspiracy and one count of burglary, the defendant requested that the trial court sentence him under the Act. Because burglary is a violent crime, and because he had just pleaded guilty to that offense, the trial court determined that the defendant was ineligible for a reduced sentenced pursuant to Section 4503(1) of the Act. On appeal to this Court, we considered whether the defendant's single burglary conviction demonstrated a "history of present or past violent behavior" under Section 4503(1). *Cullen-Doyle*, 164 A.3d at 1240. The Court found that the phrase "history of present or past violent behavior" was ambiguous because "history" often involves past, rather than present, events and frequently contemplates a "pattern of behavior," not a single instance. *Id.* at 1242; *see also id.* n.2 ("[T]o be specific, the statute could be read . . . to allow for the word history to encompass a single, present offense. Alternatively, it could be read to expressly authorize the inclusion of the present offense in consideration of whether there is an overall history, comprised of more than one offense."). To resolve this purported ambiguity, the Court examined the Act's underlying rationale. The Court explained that the purpose of the Act is to reduce recidivism, especially among first-time offenders who generally are "more amenable to reform" than repeat offenders. *Id.* at 1242; *see also id.* at 1243 ("[I]t can be fairly inferred that, in aiming to reduce recidivism, the Legislature sought to offer greater reform opportunities for first-time offenders than for repeat offenders.").

With this rationale in mind, the Court concluded that the phrase "history of present or past violent behavior" demonstrated "an intent to render ineligible individuals with 'an

established record or pattern' of violent behavior." *Id.* at 1243 (quoting WEBSTER'S NEW COLLEGE DICTIONARY 537 (3d ed. 2008)). The Court found that this definition "engender[ed] the most cogent and natural interpretation of the statute, since it permits a sentencing court to assess whether an offender has an established record or pattern of past or present violent behavior" consistent with the Act's goals. *Id.* Therefore, the defendant's single present conviction for a non-enumerated violent crime did not disqualify him from eligibility under the Act.

Justice Todd authored a dissent, which Justice Dougherty and I joined. The dissent asserted that the phrase "history of present or past violent behavior" was unambiguous. The dissent conceded that the juxtaposition of "history" and "present" was "certainly awkward verbiage," but it nevertheless found "this wording capable of an interpretation which gives effect to the whole phrase" consistent with the principles of statutory construction. *Id.* at 1245 (Todd, J., dissenting). Rather than focus on the dictionary definition of the word "history," the dissent emphasized the application of the word within the context of the statute. In doing so, the dissent construed the word "history" to mean an "established record," and this record "may have been created by virtue of a past conviction of a violent act for which the defendant was already sentenced . . . or by a violent act for which the defendant was convicted and is presently being sentenced." *Id.* In either case, the phrase "history of present or past violent behavior" barred all violent offenders—both first-time and repeat offenders—from receiving reduced sentences under the Act. *Id.*

I maintain that *Cullen-Doyle* was wrongly decided for the compelling reasons outlined by Justice Todd in her dissent in that case. In my view, the phrase "history of present or past violent behavior" is unambiguous and, construed according to its plain meaning, refers to an "established record" of violent behavior. This reading logically

encompasses *all* instances of violent behavior,[2] including a single present conviction for a non-enumerated violent crime, which should suffice to disqualify a defendant under the Act. Consequently, I disagree with today's Majority decision, which goes a significant step beyond the holding in *Cullen-Doyle*, extending that rationale from a single *present* conviction to a single *past* conviction for a violent crime. *See* Maj. Op. at 16-17. This decision compounds the errors in *Cullen-Doyle* and goes even further in contravening the plain language of the Act in pursuit of its alleged spirit. *Contra* 1 Pa.C.S. § 1921(b) ("When the words of a statute are clear and free from all ambiguity, the letter of it is not to be disregarded under the pretext of pursuing its spirit."). Therefore, I respectfully dissent.[3]

Justices Todd and Dougherty join this dissenting opinion.

---

[2] Notably, the General Assembly chose to use the term "behavior," rather than "conviction," implying that a defendant does not actually need to be convicted of anything in order to be disqualified under Section 4503(1) of the Act. This broad, catch-all provision permits sentencing courts to consider an array of present or past violent behavior when making an eligibility determination. *Accord Commonwealth v. Chester*, 101 A.3d 56, 63 (Pa. 2014) ("We find that Section 4503's structure—namely, including specific classes of offenses in Section 4503(2)-(6) while also including general language in Section 4503(1) concerning behavior—reflects an express choice by the legislature not to write an exclusive list of disqualifying offenses, but, instead, to include Section 4503(1) as a broad, 'catchall' provision designed to encompass an array of behavior not explicitly provided for in Section 4503's other provisions.").

[3] In a footnote, the Majority comments on the fact that Finnecy's brief repeatedly cites unpublished, non-precedential memorandum decisions of the Superior Court. Maj. Op. at 8 n.9. The Majority asserts that because each of the decisions cited by Finnecy was filed before May 1, 2019, "none of them may be cited for their persuasive value." *Id.* (citing Pa.R.A.P. 126(b)). While both the Superior Court and the Commonwealth Court have, in accordance with Rule 126, implemented internal operating procedures that generally prohibit citation of and reliance upon unreported opinions before a certain date, *see* 210 PA. CODE § 65.37(B) ("An unpublished memorandum decision filed prior to May 2, 2019, shall not be relied upon or cited by [the Superior] Court or a party in any other action or proceeding . . . ."); *id.* § 69.414(a) ("Parties may [] cite an unreported panel decision of [the Commonwealth] Court issued after January 15, 2008, for its persuasive value . . . ."), this Court is not in any way affected, much less bound, by those lower court rules. Quite to the contrary, this Court may be persuaded by anything that serves to persuade, including unpublished, non-precedential memorandum decisions of either lower court regardless of the date such decisions were filed.