J-S30014-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ERIK PATRICK FULK, | |
| Appellant | No. 2037 MDA 2016 |

Appeal from the Judgment of Sentence July 18, 2016
In the Court of Common Pleas of Lebanon County
Criminal Division at No(s): CP-38-CR-0000414-2016, CP-38-CR-0000416-2016

BEFORE:  SHOGAN, RANSOM, and MUSMANNO, JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED JULY 18, 2017**

Appellant, Erik Patrick Fulk, appeals from the judgment of sentence imposed on July 18, 2016, in the Court of Common Pleas of Lebanon County. We affirm.

At criminal docket number 414 of 2016 in the Court of Common Pleas of Lebanon County, Appellant was charged with retail theft and theft by deception.[1]  Information, 3/15/16, at 1.  At docket number 416 of 2016, Appellant was charged with three counts of possession with intent to deliver ("PWID"), one count of conspiracy, and one count of criminal use of

_____

[1] 18 Pa.C.S. § 3929(A)(1) and 18 Pa.C.S. § 3922(A)(1).

communication facility.[2]  Information, 3/16/16, at 1.  Appellant entered a guilty plea at both docket numbers and was sentenced on both on July 18, 2016.  N.T., 7/18/16, at 22-26.  At docket number 414 of 2016, Appellant was sentenced to an aggregate of nine months to two years imprisonment in the Lebanon County Correctional Facility, restitution, and was prohibited from entering Wal-Mart.  N.T., 7/18/16, at 4; Sentencing Order, 7/21/16, at 1-3.  At docket number 416 of 2016, he was sentenced at count III to an aggregate sentence of forty-five months to ten years incarceration in a state correctional institution, with sentences imposed on counts I, II, IV, and V being served concurrently with the sentence imposed on count III.  N.T., 7/18/16, at 4; Sentencing Order, 7/21/16, at 1-3.

Appellant filed a consolidated post-sentence motion on July 26, 2016, seeking modification of his sentences based on his assertion that the trial court erred when it found him ineligible for a sentence under the Recidivism Risk Reduction Incentive Act[3] ("RRRI").  Consolidated Post Sentence Motion, 7/26/16, at 1-3.  The trial court denied this motion by order entered December 1, 2016.  Appellant timely filed his notice of appeal from both

---

[2] 35 P.S. § 780-113(A)(30), 18 Pa.C.S. § 903(C), and 18 Pa.C.S. § 7512(A), respectively.

[3] 61 Pa.C.S. §§ 4501, *et seq*.

docket numbers on December 12, 2016.[4]   The trial court and Appellant

complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review:

A.     Did the trial court err in sentencing Appellant when they [sic] failed to make him eligible for a recidivism risk reduction incentive ("RRRI") sentence despite Appellant being an eligible offender for an RRRI sentence?

B.     Should Appellant be resentenced by the trial court to an RRRI sentence?

Appellant's Brief at 4 (full capitalization omitted).

Appellant argues that the trial court erred in failing to find him eligible

for an RRRI sentence.  Appellant's Brief at 8.  Appellant contends that he

should have been deemed eligible for an RRRI sentence due to his not

having any disqualifying offenses. *Id.*

A challenge to a court's failure to impose an RRRI sentence implicates the legality of the sentence. *Commonwealth v. Tobin*, 89 A.3d 663, 670 (Pa. Super. 2014).  "It is legal error to fail to impose a[n] RRRI minimum on an eligible offender." *Id.* Thus, as "statutory interpretation implicates a question of law, our scope of review is plenary and our standard of review is de novo." *Commonwealth v. Gerald*, 47 A.3d 858, 859 (Pa. Super. 2012) (citation omitted).

---

[4] Appellant's post-sentence motion was denied by operation of law on November 23, 2016, prior to the trial court's entry of its order denying the motion on December 1, 2016.  Pa.R.Crim.P. 720(B)(3)(a).  Thus, the trial court's jurisdiction ended on November 23, 2016.  Appellant's appeal was timely, however, as it was filed within thirty days of November 23, 2016. *Commonwealth v. Khalil*, 806 A.2d 415, 420–421 (Pa. Super. 2002).

***Commonwealth v. Finnecy***, 135 A.3d 1028, 1033 (Pa. Super. 2016),

*appeal denied*, 215 WAL 2016 (Pa. October 19, 2016).

The RRRI statute, which provides for a reduced RRRI minimum

sentence for certain eligible offenders, states, in relevant part, as follows:

> This chapter seeks to create a program that ensures appropriate
> punishment for persons who commit crimes, encourages inmate
> participation in evidence-based programs that reduce the risks of
> future crime and ensures the openness and accountability of the
> criminal justice process while ensuring fairness to crime victims.

61 Pa.C.S. § 4502. "At the time of sentencing, the court shall make a

determination whether the defendant is an eligible offender." 61 Pa.C.S. §

4505(a).

In order to be eligible for an RRRI minimum sentence, the RRRI Act

provides that a defendant must satisfy each of the following requirements.

Specifically, a defendant must establish that he:

> (1) Does not demonstrate a history of present or past violent
> behavior.
>
> (2) Has not been subject to a sentence the calculation of which
> includes an enhancement for the use of a deadly weapon as
> defined under law or the sentencing guidelines promulgated by
> the Pennsylvania Commission on Sentencing or the attorney for
> the Commonwealth has not demonstrated that the defendant
> has been found guilty of or was convicted of an offense involving
> a deadly weapon or offense under 18 Pa.C.S. Ch. 61 (relating to
> firearms and other dangerous articles) or the equivalent offense
> under the laws of the United States or one of its territories or
> possessions, another state, the District of Columbia, the
> Commonwealth of Puerto Rico or a foreign nation.
>
> (3) Has not been found guilty of or previously convicted of or
> adjudicated delinquent for or an attempt or conspiracy to commit
> a personal injury crime as defined under section 103 of the act

of November 24, 1998 (P.L. 882, No. 111), [18 P.S. § 11.103] known as the Crime Victims Act, except for an offense under 18 Pa.C.S. § 2701 (relating to simple assault) when the offense is a misdemeanor of the third degree, or an equivalent offense under the laws of the United States or one of its territories or possessions, another state, the District of Columbia, the Commonwealth of Puerto Rico or a foreign nation.

(4) Has not been found guilty or previously convicted or adjudicated delinquent for violating any of the following provisions or an equivalent offense under the laws of the United States or one of its territories or possessions, another state, the District of Columbia, the Commonwealth of Puerto Rico or a foreign nation:

> 18 Pa.C.S. § 4302(a) (relating to incest).

> 18 Pa.C.S. § 5901 (relating to open lewdness).

> 18 Pa.C.S. Ch. 76 Subch. C (relating to Internet child pornography).

> Received a criminal sentence pursuant to 42 Pa.C.S. § 9712.1 (relating to sentences for certain drug offenses committed with firearms).

> Any offense for which registration is required under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).

(5) Is not awaiting trial or sentencing for additional criminal charges, if a conviction or sentence on the additional charges would cause the defendant to become ineligible under this definition.

(6) Has not been found guilty or previously convicted of violating section 13(a)(14), (30) or (37) of the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act, where the sentence was imposed pursuant to 18 Pa.C.S. § 7508(a)(1)(iii), (2)(iii), (3)(iii), (4)(iii), (7)(iii) or (8)(iii) (relating to drug trafficking sentencing and penalties).

61 Pa.C.S. § 4503 (footnote omitted).

Specifically, Appellant maintains that although his criminal history includes a burglary graded as a first-degree felony in November of 2005, this conviction should not make him RRRI ineligible because there was no one at home at the time of the burglary, and therefore, this is not a violent crime pursuant to 61 Pa.C.S. § 4503(1). Appellant's Brief at 9-11. Appellant further asserts that 42 Pa.C.S. § 9714(g) of the Sentencing Code, which defines "crimes of violence," includes only "burglary as defined in 18 Pa.C.S. § 3502(a)(1)." *Id.* at 10-11. Section 3502(a)(1) requires that a person be present at the time of the burglary. *Id.* at 10-11. Thus, Appellant argues that his first-degree burglary cannot be considered a crime of violence because there was no one home at the time he committed the burglary. *Id.* at 11. Appellant further contends that the burglary was not a personal-injury crime as contemplated by the eligible offender statute. *Id.* at 10. Therefore, Appellant argues that he is eligible for an RRRI sentence, and should be resentenced accordingly. *Id.* at 11.

We find Appellant's argument unconvincing for several reasons. As our Supreme Court noted regarding the first provision of the eligible offender provision: "[T]he RRRI Act does not define what constitutes a history of present or past violent behavior." *Commonwealth v. Chester*, 101 A.3d 56, 58 (Pa. 2014) (internal quotation marks omitted). In interpreting this section, our Supreme Court stated:

> We find that Section 4503's structure—namely, including specific classes of offenses in Section 4503(2)-(6) while also including

- 6 -

general language in Section 4503(1) concerning behavior—reflects an express choice by the legislature not to write an exclusive list of disqualifying offenses, but, instead, to include Section 4503(1) as a broad, "catchall" provision designed to encompass an array of behavior not explicitly provided for in Section 4503's other provisions.

*Id.* at 63. Accordingly, the Court in *Chester* proceeded to consider whether first-degree burglary conviction constituted "violent behavior" as contemplated by Section 4503(1). *Id.* at 64.

The appellant in *Chester* argued that although an individual was present at the time of his unlawful entry, he did not engage in violent behavior toward that individual, and therefore, his conviction of first-degree burglary did not constitute "violent behavior" for purposes of section 4503(1). *Chester*, 101 A.3d at 64. In addressing the appellant's claim, the Court referenced the history within our case law establishing that "burglary is a crime of violence as a matter of law, signifying that first-degree burglary necessarily constitutes violent behavior in all contexts, including under Section 4503(1)." *Id.* (internal quotation marks omitted). The Supreme Court was unpersuaded by the appellant's argument that it was not a violent crime because he did not employ violence during the burglary, explaining that despite any conflict, the first-degree burglary remained a violent crime for the following reasons:

> [W]hile [the a]ppellant contends his first-degree burglary conviction was not "violent behavior" because he did not employ violence during the burglary, it is an offender's non-privileged entry, which "invites dangerous resistance" and, thus, the possibility of the use of deadly force against either the offender

or the victim, that renders burglary a violent crime, not the behavior that is actually exhibited during the burglary. Thus, the fact that [the a]ppellant did not actually engage in any violent acts while committing first-degree burglary does not render that crime "non-violent." Similarly, we decline to accept the invitation of *amicus* to depart from our well established case law—finding burglaries to be violent by their very nature—to instead engage in a case-by-case evaluation into whether a particular burglary conviction constitutes "violent behavior" under Section 4503(1). Thus, we believe a conviction for first-degree burglary, a crime of violence, constitutes violent behavior for purposes of Section 4503(1).

*Id.* at 65.

Similarly, in the case *sub judice*, we are unpersuaded by Appellant's argument. It is the offender's non-privileged entry into a dwelling "which invites dangerous resistance and, thus, the possibility of the use of deadly force against either the offender or the victim, that renders burglary a violent crime." *Chester*, 101 A.3d at 65 (internal quotation marks omitted). Thus, the fact that no one was at home at the time of the unlawful entry does not render the crime non-violent. It was Appellant's non-privileged entry into a structure adapted for overnight accommodation that renders this conviction a first-degree burglary, and pursuant to the holding in *Chester*, a violent crime. *See id.* at 64 ("the Crimes Code treats first-degree burglary distinctly from second-degree burglary, as first-degree burglary contemplates the potential for confrontation, whereas second-degree burglary does not.").

We also find unpersuasive Appellant's argument that because his conviction of first-degree burglary under the previous statute would not

constitute first-degree burglary under the current 18 Pa.C.S. § 3502(a)(1), it does not constitute a crime of violence. The **Chester** Court also had the opportunity to consider the appellant's conviction under the previous burglary statute and compare it to the current version. As the Supreme Court noted:

> At the time [the a]ppellant was charged, the burglary statute read, in relevant part, as follows:
>
> > **(a) Offense defined.**—A person is guilty of burglary if he enters a building or occupied structure, or separately secured or occupied portion thereof, with intent to commit a crime therein, unless the premises are at the time open to the public or the actor is licensed or privileged to enter.
> >
> > * * *
> >
> > **(c) Grading.**—
> >
> > (1) Except as provided in paragraph (2), burglary is a felony of the first degree.
> >
> > (2) If the building, structure or portion entered is not adapted for overnight accommodation and if no individual is present at the time of entry, burglary is a felony of the second degree.
>
> 18 Pa.C.S.A. § 3502 (1990). This Section was amended in 2012, and now provides that a defendant commits burglary if, with the intent to commit a crime therein, he:
>
> > (1) enters a building or occupied structure, or separately secured or occupied portion thereof that is adapted for overnight accommodations in which at the time of the offense any person is present;
> >
> > (2) enters a building or occupied structure, or separately secured or occupied portion thereof that

> > is adapted for overnight accommodations in which at the time of the offense no person is present;
> >
> > (3) enters a building or occupied structure, or separately secured or occupied portion thereof that is not adapted for overnight accommodations in which at the time of the offense any person is present; or
> >
> > (4) enters a building or occupied structure, or separately secured or occupied portion thereof that is not adapted for overnight accommodations in which at the time of the offense no person is present.
>
> 18 Pa.C.S.A. § 3502(a) (2012). The Crimes Code now grades paragraphs (1) through (3) as felonies of the first degree, and paragraph (4) as a felony of the second degree, *id.* § 3502(c)(1)-(2); however, "[i]f the actor's intent upon entering the building, structure or portion under [paragraph (4)] is to commit theft of a controlled substance or designer drug," the burglary is graded as a felony of the first degree. *Id.* § 3502(c)(2)(ii).

*Chester*, 101 A.3d at 58 n.1.

> The Court explained that:
>
> At the time Appellant was charged, the burglary statute distinguished first-degree burglary from second-degree burglary based upon whether the building or structure entered was adapted for overnight accommodation and whether an individual was present at the time of entry. See supra note 1. Only if neither of these conditions were true—i.e., that there was no risk of confrontation—was the entry a second-degree burglary. Thus, in light of Pennsylvania's long-standing view of burglary as a violent crime, as well as the fact that first-degree burglary is treated distinctly, and more severely, under Pennsylvania law, we have no hesitancy in concluding a conviction for first-degree burglary constitutes "violent behavior" under Section 4503(1).

*Id.* at 64-65.

- 10 -

Thus in the case *sub judice*, at the time Appellant was charged, the burglary statute identified a burglary of the second degree only in those situations where the structure entered was not adapted for overnight accommodation and where there was no individual present. The remaining burglaries were categorized as first-degree. Because the structure Appellant unlawfully entered was adapted for overnight accommodation, his crime was graded a first-degree burglary.[5] The fact that no one was present at the time of unlawful entry does not render it a second-degree burglary. This grading is consistent between the prior and current statute. Accordingly, Appellant's conviction constitutes a first-degree burglary under both the prior and current burglary statutes.[6]

Furthermore, we cannot agree with Appellant's interpretation that a determination as to what constitutes a "crime of violence" under the RRRI

_____

[5] Under the statute in effect at the time of Appellant's first-degree burglary, a defendant committed a first degree burglary if he illegally entered a structure that was adapted for overnight accommodation but no individual was present. **Commonwealth v. Rivera**, 983 A.2d 767, 770 (Pa. Super. 2009). In other words, for burglary to qualify as a second-degree felony, the illegal entry must have involved a structure that was not adapted for overnight accommodation **and** no one was present. **Id.**

[6] We note that this statute has been amended multiple times. The amendments have consistently defined first-degree burglaries. Although Appellant's previous first-degree burglary conviction does not fall under the current version, 18 Pa.C.S. § 3502(a)(1), it constitutes a first-degree burglary under current 18 Pa.C.S. § 3502(a)(2). 18 Pa.C.S. § 3502(a)(2),(c).

statute is limited to those crimes outlined in 42 Pa.C.S. § 9714(g) of the Sentencing Code. Significantly, the list of offenses set forth in 42 Pa.C.S. § 9714(g) is not incorporated by reference in the "eligible offender" statutory provision. Moreover, as discussed above, our Supreme Court in *Chester* concluded that a first-degree burglary constituted a violent crime for purposes of the RRRI statute. The Court did not limit its holding only to first-degree burglaries where an individual was present, as outlined in 18 Pa.C.S. § 3502(a)(1).

In conclusion, Appellant has a criminal history which includes a first-degree burglary as defined under the previous and current burglary statutes. Our Supreme Court in *Chester* held that first-degree burglaries were crimes of violence for purposes of determining eligibility for an RRRI sentence. Accordingly, Appellant has demonstrated a history of violent behavior and is therefore ineligible for an RRRI sentence pursuant to 61 Pa.C.S. § 4503(1).[7] Thus, the trial court did not err in concluding that Appellant was ineligible for an RRRI sentence, and Appellant is not entitled to resentencing.

Judgment of sentence affirmed.

---

[7] We note that there is no evidence supporting the conclusion that Appellant's first-degree burglary conviction was a personal injury crime. Thus, we agree with Appellant's contention that the first-degree burglary conviction does not constitute a personal injury crime rendering him RRRI ineligible pursuant to 61 Pa.C.S. § 4503(3).

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 7/18/2017