J-S54037-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                                  :           PENNSYLVANIA

v.                           :

CHARISSA CARSON               :

         Appellant         :     No. 332 WDA 2017

Appeal from the Judgment of Sentence January 27, 2017
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0003236-2014

BEFORE: OTT, MOULTON, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:        **FILED OCTOBER 06, 2017**

Appellant, Charissa Carson, appeals from her judgment of sentence of seventeen to thirty-seven months' imprisonment following revocation of her parole and probation for retail theft.[1] Appellant argues that the trial court failed to determine whether she was eligible for sentencing under the Recidivism Risk Reduction Incentive ("RRRI") Act, 61 Pa.C.S. §§ 4501-4512. We conclude that further proceedings are necessary to determine whether Appellant is eligible for an RRRI sentence.

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S. § 3929(a).

On April 28, 2015, Appellant pleaded guilty to one count of retail theft,[2] graded as a first degree misdemeanor, for stealing clothes valued at $629.99 from Macy's Department Store. N.T. Guilty Plea Hr'g, 4/28/15, at 8-9. The court imposed a sentence of two to six months' imprisonment followed by twelve months' probation. *Id.* at 11. The court granted Appellant parole on April 30, 2015.

On November 23, 2015, Appellant appeared before the court for a revocation hearing. The Commonwealth alleged, and Appellant admitted, that (1) she violated her probation agreement by testing positive for marijuana on May 8, 2015; and (2) she was unsuccessfully discharged on August 19, 2015 from Stairways Drug and Alcohol Program due to lack of attendance. N.T., 11/23/15, at 5-6. The Commonwealth also alleged that Appellant failed to report to her probation officer on August 11, 2015 and September 29, 2015. *Id.* at 5, 9. Following testimony from the probation officer, the court concluded Appellant violated this term. *Id.* at 8-9. Based upon these violations, the court revoked Appellant's parole and recommitted her with credit for 117 days of time served. *Id.* at 14. The court reimposed the same probation period and told Appellant that he would agree to parole her to inpatient treatment if she qualified. *Id.* at 15. The court also

---

[2] 18 Pa.C.S. § 3929(a)(1).

directed Appellant to undergo any testing or treatment that was deemed appropriate. *Id.* The court granted Appellant parole on January 25, 2016.

On July 8, 2016, Appellant appeared for a second parole/probation revocation proceeding and admitted violating two conditions of her probation agreement. N.T., 7/27/16, at 5-6. She violated Condition 5 by failing to notify her probation officer of an arrest for disorderly conduct on April 8, 2016. She pleaded guilty to this offense on June 3, 2016. She also violated Condition 12 by attempting to evade arrest and concealing herself in the stairwell when probation officers came to arrest her for her probation violation. N.T., 7/8/16, at 12. When the officers found her, she swung at a probation officer and was verbally belligerent. *Id.* at 13.

At sentencing on July 27, 2016, the court revoked Appellant's parole and probation, recommitted her to the two to six month sentence of incarceration, and sentenced her to an additional five to eleven months' incarceration (for an aggregate of seven to seventeen months' imprisonment), followed by two years' probation. *Id.* at 12. The court gave her 289 days of credit for time served and stated that it would parole her after she received an updated drug and alcohol assessment. *Id.* Appellant's attorney added that Appellant "definitely has a mental health or bipolar issue that she needs to deal with." N.T., 7/27/16, at 9-10. The court paroled Appellant on August 15, 2016.

On January 27, 2017, Appellant appeared for a third revocation hearing, which gives rise to this appeal. She admitted violating Condition 5 of her probation agreement for failing to notify her probation officer of her new arrest for the summary offense of disorderly conduct and her guilty plea to this offense on January 10, 2017. N.T., 1/27/17, at 7. She also admitted violating Condition 12 by missing three appointments with her probation officer. *Id.* at 8. Appellant admitted relapsing on drugs after her release from jail. *Id.* at 13, 14. Appellant testified that she needed help and asked for the opportunity to obtain inpatient treatment for her mental health and addiction. *Id.* at 15. She stated that she failed to contact her probation officer after her release because she thought he would incarcerate her due to her homelessness. *Id.* at 16.

Finding that Appellant did not demonstrate a desire to comply with the terms of her supervision, the court revoked her parole, recommitted her to the sentence of seven to seventeen months' imprisonment, and imposed a consecutive term of ten to twenty months' imprisonment, which aggregated to a state sentence of seventeen to thirty-seven months. *Id.* at 19. The court gave her credit for 384 days' time served and authorized her to receive any drug/alcohol or mental health treatment available to her in the state system. *Id.* at 19-20.

At the conclusion of the sentencing, the court stated that it was "not sure if [Appellant is] triple RI eligible." *Id.* at 19. It continued: "All I see

are retail thefts. So if that's the case, she would be triple RI eligible, but I don't know what her other history is." *Id.* The court and the parties did not further address Appellant's eligibility. Later that day, however, the court entered a written sentencing order declaring, without explanation, that Appellant was ineligible for RRRI.

On February 3, 2017, Appellant filed a motion for reconsideration of sentence asking the court to consider her long periods of sobriety, her genuine desire to obtain help, and her concurrent diagnosis of bi-polar disorder. The court denied this motion. Appellant filed a timely notice of appeal, but counsel for Appellant filed a statement of intention to file a "no merit" brief pursuant to *Anders v. California*, 386 U.S. 738 (1967). Counsel subsequently withdrew her appearance, and new counsel entered her appearance for Appellant.

In this Court, new counsel filed a brief stating that she did not concur with former counsel's assessment that no non-frivolous issues exist. New counsel asserted that Appellant's sentence was illegal due to the trial court's failure to evaluate on the record whether Appellant was eligible for an RRRI sentence. New counsel defined this issue as follows in her Statement of Questions Presented:

> Did the revocation court impose an illegal sentence when it failed to make the statutorily required determination of Appellant's eligibility for a RRRI sentence at the time of sentencing?

Appellant's Brief at 6. New counsel's decision to brief this issue removes any need to address whether *Anders* applies to this case. Further, we agree with new counsel that Appellant should receive an additional sentencing hearing to determine whether she is eligible for an RRRI sentence.

The RRRI Act "seeks to create a program that ensures appropriate punishment for persons who commit crimes, encourages inmate participation in evidence-based programs that reduce the risks of future crime and ensures the openness and accountability of the criminal justice process while ensuring fairness to crime victims." 61 Pa.C.S. § 4502. As part of achieving that aim, the RRRI Act requires the trial court to determine at the time of sentencing whether the defendant is an "eligible offender." 61 Pa.C.S. § 4505(a). If the court finds the defendant to be an eligible offender, or if the prosecuting attorney waives the eligibility requirements under section 4505(b), the court must calculate minimum and maximum sentences, and then impose the RRRI minimum sentence, which "shall be equal to three-fourths of the minimum sentence imposed when the minimum sentence is three years or less," or "shall be equal to five-sixths of the minimum sentence if the minimum sentence is greater than three years." 61 Pa.C.S. § 4505(c)(2). If an eligible offender "successfully completes the program plan, maintains a good conduct record and continues to remain an eligible offender," he or she may "be paroled on the RRRI minimum sentence date unless the Board determines that parole would present an unreasonable risk

to public safety or that other specified conditions have not been satisfied."

37 Pa. Code § 96.1(b).

To become eligible for a RRRI minimum sentence, the defendant must establish that she:

> (1) Does not demonstrate a history of present or past violent behavior.
>
> (2) Has not been subject to a sentence the calculation of which includes an enhancement for the use of a deadly weapon as defined under law or the sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing or the attorney for the Commonwealth has not demonstrated that the defendant has been found guilty of or was convicted of an offense involving a deadly weapon or offense under 18 Pa.C.S. Ch. 61 (relating to firearms and other dangerous articles) or the equivalent offense under the laws of the United States or one of its territories or possessions, another state, the District of Columbia, the Commonwealth of Puerto Rico or a foreign nation.
>
> (3) Has not been found guilty of or previously convicted of or adjudicated delinquent for or an attempt or conspiracy to commit a personal injury crime as defined under [18 Pa.C.S. § 11.103],[3] except for an offense under 18 Pa.C.S.

_____

[3] 18 Pa.C.S. § 11.103 defines "personal injury crime" as

> [a]n act, attempt or threat to commit an act which would constitute a misdemeanor or felony under the following:

> 18 Pa.C.S. Ch. 25 (relating to criminal homicide).
> 18 Pa.C.S. Ch. 27 (relating to assault).
> 18 Pa.C.S. Ch. 29 (relating to kidnapping).
> 18 Pa.C.S. Ch. 31 (relating to sexual offenses).
> 18 Pa.C.S. § 3301 (relating to arson and related offenses).
> 18 Pa.C.S. Ch. 37 (relating to robbery).
> 18 Pa.C.S. Ch. 49 Subch. B (relating to victim and witness intimidation).

_(Footnote Continued Next Page)_

§ 2701 (relating to simple assault) when the offense is a misdemeanor of the third degree, or an equivalent offense under the laws of the United States or one of its territories or possessions, another state, the District of Columbia, the Commonwealth of Puerto Rico or a foreign nation.

(4) Has not been found guilty or previously convicted or adjudicated delinquent for violating any of the following provisions or an equivalent offense under the laws of the United States or one of its territories or possessions, another state, the District of Columbia, the Commonwealth of Puerto Rico or a foreign nation:

18 Pa.C.S. § 4302(a) (relating to incest).

18 Pa.C.S. § 5901 (relating to open lewdness).

18 Pa.C.S. Ch. 76 Subch. C (relating to Internet child pornography).

Received a criminal sentence pursuant to 42 Pa.C.S. § 9712.1 (relating to sentences for certain drug offenses committed with firearms).

*(Footnote Continued)* ————————————

30 Pa.C.S. § 5502.1 (relating to homicide by watercraft while operating under influence).
The former 75 Pa.C.S. § 3731 (relating to driving under influence of alcohol or controlled substance) in cases involving bodily injury.
75 Pa.C.S. § 3732 (relating to homicide by vehicle).
75 Pa.C.S. § 3735 (relating to homicide by vehicle while driving under influence).
75 Pa.C.S. § 3735.1 (relating to aggravated assault by vehicle while driving under the influence).
75 Pa.C.S. § 3742 (relating to accidents involving death or personal injury).
75 Pa.C.S. Ch. 38 (relating to driving after imbibing alcohol or utilizing drugs) in cases involving bodily injury.
The term includes violations of any protective order issued as a result of an act related to domestic violence.

***Id.***

Any offense for which registration is required under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).

(5) Is not awaiting trial or sentencing for additional criminal charges, if a conviction or sentence on the additional charges would cause the defendant to become ineligible under this definition.

(6) Has not been found guilty or previously convicted of violating section 13(a)(14), (30) or (37) of the act of April 14, 1972 (P.L. 233, No. 64), known as The Controlled Substance, Drug, Device and Cosmetic Act, where the sentence was imposed pursuant to 18 Pa.C.S. § 7508(a)(1)(iii), (2)(iii), (3)(iii), (4)(iii), (7)(iii) or (8)(iii) (relating to drug trafficking sentencing and penalties).

61 Pa.C.S. § 4503.

"[W]here the trial court fails to make a statutorily required determination regarding a defendant's eligibility for an RRRI minimum sentence as required, the sentence is illegal." **Commonwealth v. Robinson**, 7 A.3d 868, 871 (Pa. Super. 2010).[4] Issues relating to the legality of sentence are non-waivable, and this Court can raise such issues *sua sponte*. **See Commonwealth v. Orellana**, 86 A.3d 877, 882 n.7 (Pa.Super.2014) (citation omitted).

---

[4] We note that another panel of this Court has questioned **Robinson's** conclusion that this issue implicates the legality of the defendant's sentence. **See Commonwealth v. Tobin**, 89 A.3d 663, 669 n.4 (Pa. Super. 2014). Nevertheless, **Robinson** remains binding precedent that we must apply to this case.

Here, the trial court made one momentary reference to the RRRI issue—"all I see are retail thefts. So if that's the case, she would be triple RI eligible, but I don't know what her other history is"—but failed to address whether Appellant satisfied the six requisites for RRRI eligibility within section 4503. To correct this omission, we will remand for an additional hearing in which the court addresses all six requisites on the record.

We offer several further thoughts about the remand proceedings in this case. A decision on five of the six RRRI requisites, subsections (2) through (6) of section 4503, does not appear difficult. Appellant has "not been subject to a sentence the calculation of which includes an enhancement for the use of a deadly weapon." 61 Pa.C.S. § 4503, definition of eligible offender, subsection (2). With regard to subsection (3), Appellant was convicted of one personal injury crime—simple assault graded as a third degree misdemeanor, *see* n. 2, *supra*—but the RRRI Act specifically provides that a simple assault conviction does not render defendants ineligible for an RRRI sentence. *See* 61 Pa.C.S. § 4503(3). It appears that Appellant has not been convicted or adjudicated delinquent of any offenses listed in subsection (4). *See id.*, subsection (4). She is not awaiting trial or sentencing on charges for which conviction would cause her to become ineligible under this definition. *See id.*, subsection (5). Although she was convicted in 1995 of possession with intent to deliver .58 grams of cocaine, this amount is not enough to render her ineligible for RRRI treatment under

subsection (6). Defendants only become ineligible for RRRI treatment if they sell more than 100 grams of cocaine. **See id.**, subsection (6) (citing 18 Pa.C.S. § 7508(a)(3)(iii)).[5]

Subsection (1) of section 4503 will present a more complex task on remand. The court should examine whether the combination of Appellant's simple assault conviction,[6] her disorderly conduct conviction(s),[7] and other acts, if any,[8] "demonstrate a history of present or past violent behavior."

---

[5] We note that the RRRI Act applies to mandatory minimum sentences imposed under 18 Pa.C.S. § 7508. **See Commonwealth v. Hansley**, 47 A.3d 1180, 1188 (Pa. 2012).

[6] Standing alone, Appellant's simple assault conviction is insufficient to demonstrate "a history of present or past violent behavior." **See Commonwealth v. Cullen-Doyle**, --- A.3d ---, 2017 WL 3097766, *4 (Pa., July 20, 2017) (single conviction for violent crime does not constitute history of present or past violent behavior). However, Appellant's simple assault conviction, combined with other instances of violent behavior, might establish a "history of present or past violent behavior." **See Commonwealth v. Chester**, 101 A.3d 56, 65 (Pa. 2014) (multiple prior first degree burglary convictions constitute history of violent behavior under RRRI Act).

[7] At least one subsection of the disorderly conduct statute, 18 Pa.C.S. § 5503, is a crime of violent behavior, but others are not. Subsection 5503(a)(1) is a crime of violent behavior. **See id.** ("a person is guilty of disorderly conduct if, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he . . . **engages in fighting or threatening, or in violent or tumultuous behavior**") (emphasis added). Arguably, subsection 5503(a)(4)—"creat[ing] **a hazardous** or physically offensive condition by any act which serves no legitimate purpose of the actor"—is a crime of violence as well. **Id.** (emphasis added). Conversely, subsections 5503(a)(2)—"making unreasonable noise"—and subsections 5503(a)(3)—"us[ing] obscene language . . . or mak[ing] an obscene gesture"—are not crimes of violence. Appellant has two disorderly

*(Footnote Continued Next Page)*

If the court concludes that Appellant meets all criteria for eligibility under the RRRI Act, the court shall impose an RRRI sentence in accordance with section 4505(c).

Lastly, it is important to mention that remand for a hearing on the RRRI issue will not disturb the other aspects of the court's sentencing scheme. Accordingly, we affirm Appellant's sentence to the extent that it does not implicate her rights under the RRRI Act. *Compare Commonwealth v. Goldhammer*, 517 A.2d 1280, 1283–84 (Pa. 1986); *Commonwealth v. Williams*, 871 A.2d 254, 266 (Pa. Super. 2005) (if trial court errs in its sentence on one count in multi-count case, all sentences for all counts will be vacated so court can restructure its entire sentencing scheme).

Judgment of sentence affirmed in part and vacated in part. Judgment of sentence is affirmed to the extent that it does not involve Appellant's eligibility for an RRRI sentence. Judgment of sentence vacated to the extent

_(Footnote Continued)_ ⎯⎯⎯⎯⎯⎯⎯⎯

conduct convictions, but the record does not establish which subsection(s) of section 5503 she violated. In accordance with the preceding paragraph, the trial court should determine which subsection(s) she violated and whether these convictions involve violent behavior.

[8] Conceivably, the term "behavior" in subsection (1) not only encompasses convictions for violent crimes but uncharged acts of violence. We are not aware of any published decisions on this subject. Assuming uncharged acts are admissible under subsection (1), we are not aware whether Appellant committed any such acts. We leave it for the trial court to address these issues on remand.

that it denies RRRI relief. Case remanded for further proceedings in accordance with this memorandum concerning Appellant's eligibility for an RRRI sentence. Jurisdiction relinquished.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 10/6/2017