J-S57024-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| ANDRE LAVONE JONES | |
| Appellant | No. 1331 EDA 2017 |

Appeal from the Judgment of Sentence dated March 17, 2017
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0006129-2010

BEFORE: PANELLA, J., SOLANO, J., and MUSMANNO, J.

MEMORANDUM BY SOLANO, J.:                **FILED DECEMBER 22, 2017**

Appellant Andre Lavone Jones appeals from the judgment of sentence imposed following a ***Gagnon II***[1] hearing, finding him in violation of the terms of his probation and sentencing him to 18 to 36 months in prison. With this appeal, Appellant's counsel has filed a petition to withdraw and an ***Anders***[2] brief, stating that the appeal is wholly frivolous. After careful review, we affirm that Appellant is not eligible to have his sentence determined pursuant to the Recidivism Risk Reduction Incentive ("RRRI")

---

[1] ***Gagnon v. Scarpelli***, 411 U.S. 778 (1973) (discussing revocation hearings). "[W]hen a parolee or probationer is detained pending a revocation hearing, due process requires a determination at a pre-revocation hearing, a ***Gagnon I*** hearing, that probable cause exists to believe that a violation has been committed. Where a finding of probable cause is made, a second, more comprehensive hearing, a ***Gagnon II*** hearing, is required before a final revocation decision can be made." ***Commonwealth v. Allshouse***, 969 A.2d 1236, 1240 (Pa. Super. 2009) (citations omitted).

[2] ***Anders v. California***, 386 U.S. 738 (1967).

J-S57024-17

Act, 61 Pa.C.S. §§ 4501-4512. But we deny the petition by Appellant's counsel to withdraw, and we order Appellant's counsel to submit an advocate's brief or a new ***Anders*** brief within thirty days of the date of this memorandum, as we have identified a potentially non-frivolous issue that we discuss below. The Commonwealth may file a brief within thirty days after service of the brief by Appellant's counsel.

On January 4, 2011, Appellant pleaded guilty in the Court of Common Pleas of Delaware County to conspiracy to commit robbery.[3] He was sentenced to 11½ to 23 months' imprisonment, followed by three years' probation. On July 5, 2012, Appellant was found in violation of his parole[4] and sentenced to 395 days' confinement followed by three years' probation. On September 12, 2015, after Appellant was released on probation, he was arrested in Philadelphia County for theft by unlawful taking, receiving stolen property, carrying firearms without a license, and carrying firearms in Philadelphia.[5] Appellant pleaded guilty on January 5, 2017, to receiving stolen property and carrying firearms without a license, and the other charges were withdrawn. He was sentenced to 2-4 years' confinement

---

[3] 18 Pa.C.S. § 903. Appellant also had been charged with robbery, but that count was *nolle prossed*.

[4] The certified record does not indicate when Appellant was released on parole.

[5] Docket Number CP-51-CR-0011081-2015. For the case that is the subject of this appeal, Appellant was charged under the name Andre Lavone Jones. For the Philadelphia case in which he was charged while on probation, Appellant used the alias Andrew L. Jackson.

- 2 -

followed by five years' probation, and was held to be eligible to serve his sentence in boot camp[6] but ineligible for the RRRI program.

On March 17, 2017, the Delaware County trial court held a *Gagnon II* hearing, at which the court found that Appellant violated his probation. At the hearing, Appellant's counsel represented that, "as a result of the conviction out of Philadelphia, they made a stipulation for him to be allowed to be eligible to boot camp[.]" N.T., 3/17/17, at 4.[7] Appellant's counsel then clarified: "[Appellant's] impression is that Philadelphia made him eligible." *Id.* at 4-5. Appellant's counsel requested that the revocation

_____

[6] "Motivational boot camp" is:

> A program in which eligible inmates participate for a period of six months in a humane program for motivational boot camp programs which shall provide for rigorous physical activity, intensive regimentation and discipline, work on public projects, substance abuse treatment services licensed by the Department of Health, continuing education, vocational training, prerelease counseling and community corrections aftercare.

61 Pa.C.S. § 3903. Section 3904(b) requires the sentencing judge to —

> employ the sentencing guidelines to identify those defendants who are eligible for participation in a motivational boot camp. The judge shall have the discretion to exclude a defendant from eligibility if the judge determines that the defendant would be inappropriate for placement in a motivational boot camp. The judge shall note on the sentencing order whether the defendant has been identified as eligible for a motivational boot camp program.

*Id.* § 3904(b).

[7] The notes of testimony for the Philadelphia guilty plea hearing are not in the certified record for the instant case.

court "put something in there that would make him still eligible for boot camp so he wouldn't lose that – the access to that." *Id.* at 4.

After the court replied that Appellant was "ineligible for boot camp," the Commonwealth added: "Philadelphia could waive it, Your Honor, could waive that ineligibility, but under the strict guidelines of" the RRRI Act, Appellant is ineligible "unless the Commonwealth waived it [in the Delaware County case], which we are not." N.T., 3/17/17, at 4-5. The revocation court responded:

> I'm reading all the boot camp guidelines, and it says the Judge must indicate in sentencing order that to be considered for boot camp, you need to apply, but the Department of Corrections makes the final determination. However, it's my reading of the Information that with these prior charges and the fact that your original case here is Criminal Conspiracy to Robbery, that they're not going to – they're not going to accept you. You're not eligible, and they're not going to accept you for boot camp anyhow based on what you have.

*Id.* at 5-6.

The revocation court ultimately found Appellant ineligible for RRRI, because conspiracy to commit robbery is a crime ineligible for an RRRI sentence under 61 Pa.C.S. § 4503. N.T., 3/17/17, at 4–7. The court sentenced Appellant to a period of 18 to 36 months of incarceration, consecutive to Appellant's sentence for his Philadelphia convictions. Cert. of Sentencing, 3/17/17, at 1. Appellant did not file a post-sentence motion.

Appellant timely appealed, and, on April 27, 2017, Appellant's counsel filed a statement of intent to file an *Anders* brief. He subsequently filed an *Anders* brief on July 10, 2017, stating that the appeal was wholly frivolous.

Appellant's counsel also filed a petition to withdraw with this Court. Appellant did not file a *pro se* response. In the **Anders** brief, counsel presents one issue for review:

> Did the trial court err in specifying that [Appellant] did not qualify for a RRRI program and could not serve his sentence in a boot camp program?

**Anders** Brief at 3.

"When presented with an **Anders** brief, this Court may not review the merits of the underlying issues without first passing on the request to withdraw." **Commonwealth v. Daniels**, 999 A.2d 590, 593 (Pa. Super. 2010) (internal citation omitted). An **Anders** brief shall comply with the requirements set forth by the Supreme Court of Pennsylvania in **Commonwealth v. Santiago**, 978 A.2d 349, 361 (Pa. 2009):

> [W]e hold that in the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Id.** Counsel seeking to withdraw on direct appeal must meet the following obligations to his or her client:

> Counsel must also provide a copy of the **Anders** brief to his client. Attending the brief must be a letter that advises the client of his right to: (1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in the **Anders** brief.

*Commonwealth v. Orellana*, 86 A.3d 877, 880 (Pa. Super. 2014) (internal quotation marks and citation omitted). Finally, "this Court must conduct an independent review of the record to discern if there are any additional, non-frivolous issues overlooked by counsel." *Commonwealth v. Flowers*, 113 A.3d 1246, 1250 (Pa. Super. 2015) (footnotes and citations omitted).

Counsel's *Anders* brief complies with the requirements of *Santiago* and *Orellana* with respect to Appellant's RRRI issue. Appellant's counsel provided Appellant with a copy of the *Anders* brief, which also advised him of his right to retain new counsel or to proceed *pro se* on appeal to raise any points he deems worthy of the court's attention. The *Anders* brief provides a procedural and factual summary of the case with citations to the record. The brief includes arguments that could support Appellant's contention that he should have been found eligible for a RRRI program and cites legal authority to support the conclusion that this argument is frivolous. Thus, we conclude that Appellant's counsel has complied with the requirements of *Santiago* and *Orellana* with respect to the RRRI issue.

Appellant contends the trial court erred by concluding he was not eligible for RRRI. *Anders* Brief at 7-8. "The question of whether a defendant is RRRI eligible presents a question of statutory construction and implicates the legality of the sentence imposed." *Commonwealth v. Quiles*, 166 A.3d 387, 392 (Pa. Super. 2017) (quotation marks and citation omitted). Accordingly, our standard of review is *de novo* and our scope of

review is plenary. **Commonwealth v. Chester**, 101 A.3d 56, 60 (Pa. 2014)

(RRRI eligibility "concerns a matter of statutory interpretation and is . . . a

pure question of law . . .").

> When the question [is] one of statutory interpretation, our scope of review is plenary and the standard of review is *de novo*. Under the Statutory Construction Act of 1972, our paramount interpretative task is to give effect to the intent of our General Assembly in enacting the particular legislation under review. We are mindful that the object of all statutory interpretation is to ascertain and effectuate the intention of the General Assembly and the best indication of the legislature's intent is the plain language of the statute. When the words of a statute are clear and unambiguous, we may not go beyond the plain meaning of the language of the statute under the pretext of pursuing its spirit. However, only when the words of the statute are ambiguous should a reviewing court seek to ascertain the intent of the General Assembly through considerations of the various factors found in Section 1921(c) of the [Statutory Construction Act, 1 Pa. C.S. § 1921(c)].

**Commonwealth v. Grove**, 170 A.3d 1127, 1141-42 (Pa. Super. 2017)

(ellipses and citation omitted).

The RRRI statute establishes an evidence-based treatment program

for eligible criminal inmates that is designed to reduce recidivism.

**Commonwealth v. Robinson**, 7 A.3d 868, 872 (Pa. Super. 2010). The

statute defines an "eligible offender" who may take part in the program as:

> A defendant or inmate convicted of a criminal offense who will be committed to the custody of the department and who meets all of the following eligibility requirements:
>
> . . .
>
> > (3) **Has not been found guilty of** or previously convicted of or adjudicated delinquent for or an attempt or **conspiracy to commit a personal injury crime** as defined under section 103 of the act of November 24, 1998 (P. L. 882, No. 111),

known as the Crime Victims Act, except for an offense under 18 Pa.C.S. § 2701 (relating to simple assault) when the offense is a misdemeanor of the third degree, or an equivalent offense under the laws of the United States or one of its territories or possessions, another state, the District of Columbia, the Commonwealth of Puerto Rico or a foreign nation.

61 Pa.C.S. § 4503 (emphasis added). Section 103 of the Crime Victims Act, 18 P.S. § 11.103, defines a "personal injury crime" to include "[a]n act, attempt or threat to commit an act which would constitute a misdemeanor or felony under . . . 18 Pa.C.S. Ch. 37 (relating to robbery)." Appellant's underlying conviction was for conspiracy to commit robbery, and thus falls directly within the list of crimes that makes Appellant ineligible for the RRRI program.

If an offender is deemed ineligible for an RRRI sentence, the offender may obtain a waiver of eligibility from the prosecuting attorney:

The prosecuting attorney, **in the prosecuting attorney's sole discretion**, may advise the court that the Commonwealth has **elected to waive** the eligibility requirements of this chapter if the victim has been given notice of the prosecuting attorney's intent to waive the eligibility requirements and an opportunity to be heard on the issue. The court, after considering victim input, may refuse to accept the prosecuting attorney's waiver of the eligibility requirements.

61 Pa.C.S. § 4505(b) (emphasis added). The statute provides that the prosecuting attorney has the **sole discretion** to waive eligibility requirements. At Appellant's **Gagnon II** hearing, the Commonwealth stated that it was exercising its discretion not to waive the eligibility requirements for Appellant. N.T., 3/17/17, at 5. Appellant notes that the prosecutor in

- 8 -

the Philadelphia case in which Appellant was convicted while on parole agreed to waive Appellant's ineligibility for the RRRI program, and he suggests that the prosecutor in this action should have done the same. Counsel's **Anders** brief correctly points out, however, that the mere fact that the Philadelphia prosecutor agreed to waive ineligibility in that case confers no right on Appellant to a similar waiver with respect to his Delaware County conviction. **See** 61 Pa. C.S. § 4511. We perceive no abuse of discretion by the Delaware County prosecutor in declining to waive Appellant's ineligibility, and we therefore agree that Appellant's appeal regarding the RRRI program is without merit.

Although counsel's **Anders** brief also raises the issue whether the trial court erred in holding that Appellant did not qualify for a boot camp program, counsel's brief does not further address that issue. **See Anders** Brief at 3, 7-8. We are required to conduct an independent review to ascertain whether the appeal is indeed wholly frivolous, **Flowers**, 113 A.3d at 1250, and we conclude that this is a non-frivolous issue that requires further briefing.

Motivational Boot Camp and RRRI are innovative programs established under separate chapters of the Prisons and Parole Code. **See** 61 Pa. C.S. Ch. 39 (motivational boot camp); **id.** Ch. 45 (RRRI). While both programs were established with the goal of alleviating prison overcrowding through use of alternative methods of incarceration, the Motivational Boot Camp

program also is designed "to salvage the contributions and dedicated work which its displaced citizens may someday offer." ***Id.*** § 3902(3).

The Motivational Boot Camp provisions define an "[e]ligible inmate" who may participate in the program as follows:

> A person sentenced to a term of confinement under the jurisdiction of the Department of Corrections who is serving a term of confinement, the minimum of which is not more than two years and the maximum of which is five years or less, or an inmate who is serving a term of confinement, the minimum of which is not more than three years where that inmate is within two years of completing his minimum term, and who has not reached 40 years of age at the time he is approved for participation in the motivational boot camp program. The term shall not include any inmate who is subject to a sentence the calculation of which included an enhancement for the use of a deadly weapon as defined pursuant to the sentencing guidelines promulgated by the Pennsylvania Commission on Sentencing, any inmate who has been convicted or adjudicated delinquent of any crime requiring registration under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders) or any inmate with a current conviction or a prior conviction within the past ten years for any of the following offenses:
>
> > 18 Pa.C.S. § 2502 (relating to murder).
> >
> > 18 Pa.C.S. § 2503 (relating to voluntary manslaughter).
> >
> > 18 Pa.C.S. § 2506 (relating to drug delivery resulting in death).
> >
> > 18 Pa.C.S. § 2901(a) (relating to kidnapping).
> >
> > 18 Pa.C.S. § 3301(a)(1)(i) (relating to arson and related offenses).
> >
> > 18 Pa.C.S. § 3502 (relating to burglary) in the case of burglary of a structure adapted for overnight accommodation in which at the time of the offense any person is present.

> 18 Pa.C.S. § 3701(a)(1)(i), (ii) or (iii) (relating to robbery).
>
> 18 Pa.C.S. § 3702 (relating to robbery of motor vehicle).
>
> 18 Pa.C.S. § 7508(a)(1)(iii), (2)(iii), (3)(iii) or (4)(iii) (relating to drug trafficking sentencing and penalties).

61 Pa. C.S. § 3903. This definition of "[e]ligible inmate" is not the same as Section 4503's definition of an "eligible offender" for purposes of the RRRI program. In particular, while the commission of certain crimes of robbery disqualify an inmate from participating in the Boot Camp program, there is no specific mention of the crime of conspiracy to commit robbery. Because the eligibility requirements for Motivational Boot Camp and for RRRI are not identical, the analysis of Appellant's RRRI eligibility in the **Anders** brief does not also serve as an examination of Appellant's potential eligibility for the Motivational Boot Camp program.

As we perceive a possible non-frivolous issue, we deny counsel's petition to withdraw and order counsel to submit either an advocate's brief or a new **Anders** brief within thirty days of the date of this memorandum. Counsel may raise any other non-frivolous issues he has identified. The Commonwealth may file a brief within thirty days of service of the brief by Appellant's counsel.[8]

---

[8] If the Commonwealth does not intend to file a brief in response, we request that the Commonwealth send a letter to this Court's Prothonotary informing this Court of that decision as soon as possible.

- 12 -

Petition to withdraw denied. Appellant's counsel ordered to file an advocate's brief or a new *Anders* brief within thirty days of the date of this memorandum. The Commonwealth may file a brief within thirty days of Appellant's counsel's brief. Jurisdiction retained.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/22/2017